JOSEPHINE MARTIN *v.* CHARLES MARTIN

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued March 11—decision released May 11, 1982

*Abram W. Spiro,* for the appellant (defendant).
*Dianne M. Ventura,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the property assignment made by the trial court incident to the dissolution of the parties' thirty-five year marriage. The trial court ordered the defendant to convey to the plaintiff real estate described as 18 and 20 Padanaram Road in Danbury and to retain title to the property at 16 Padanaram Road. The defendant claims that the trial court abused its discretion by assigning to the plaintiff property with a higher total value than the property left to him and that this disparity was not justified by any consideration of the parties' relative states of health and employment. The defendant also claims that the trial court erred in concluding that the plaintiff's contributions to the family during the marriage made it possible for him to purchase the real estate in question, and therefore, the property assignment ordered by the court was inequitable.

"As has been repeatedly stated by this court, judicial review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the court correctly applied the law and could reasonably have concluded as it did." *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982). The court's conclusion as to the plaintiff's contributions to support of the family which enabled the defendant to purchase the property is adequately supported by the record and therefore will not be disturbed. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). Our review of the record also indicates that, in making the award, the trial court considered the many factors enumerated by General Statutes § 46b-81

(c)[1] including health and employability. In view of these circumstances we cannot agree with the defendant that the trial court abused its discretion.

There is no error.

[1] "[General Statutes] Sec. 46b-81. (Formerly Sec. 46-51). ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. . . . (c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."