PEGGY O. LANE *v.* CHRISTOPHER T. LANE

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued March 4—decision released May 11, 1982

*Robert M. Wechsler,* with whom, on the brief, was *Rhonna W. Rogol,* for the appellant (defendant).

*Samuel V. Schoonmaker III,* with whom, on the brief, were *Sara M. Carter* and *Robert M. Haas, Jr.,* for the appellee (plaintiff).

[1] "[General Statutes] Sec. 46b-81. (Formerly Sec. 46-51). ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. . . . (c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

PER CURIAM. The defendant appeals from orders of the trial court assigning to the plaintiff certain property upon dissolution of the parties' thirteen year marriage. Specifically the defendant claims that assignment to the plaintiff of his interest in the family home, of the items of personal property listed on his affidavit, and of the membership in the Round Hill Club amounts to an abuse of discretion. He argues that, in making the award, the trial court failed to consider the factors enumerated in General Statutes § 46b-81 (c)[1] and raises certain constitutional claims. The defendant also claims that the trial court erred by taking into account two non-statutory factors, namely, the purpose behind the plaintiff's transfer to the defendant during the marriage of a one-half interest in the home and the plaintiff's contributions to family support.

The defendant's position is that the trial court's award was disproportionate and therefore arbitrary in view of the parties' approximately equal financial contributions toward purchasing the family home. He also views the entire award to the plaintiff as unfair and an abuse of discretion because the plaintiff has substantial assets of her own. The defendant argues that a full and proper

[1] "[General Statutes] Sec. 46b-81. (Formerly Sec. 46-51). ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. . . . (c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

consideration of the factors enumerated in § 46b-81 (c) can lead only to the conclusion that the trial court abused its discretion by assigning the property to the plaintiff. We disagree. The record reveals that the trial court in fact considered the criteria of § 46b-81 (c) and that the court could reasonably have reached the result it did. *Martin* v. *Martin,* 187 Conn. 142, 444 A.2d 1376 (1982); *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982). Consideration of the plaintiff's contributions to family support and of the reason behind the defendant's acquisition of a one-half interest in the home was within the equitable powers of the trial court. *Robinson* v. *Robinson,* 187 Conn. 70, 72, 444 A.2d 234 (1982).

The defendant further argues (1) that the financially disproportionate award violates due process because it is not supported by the evidence, and (2) that mention made of the plaintiff's contributions of past family support, and not of his contributions, amounts to gender-based discrimination in violation of equal protection. Finding as we do that the record supports the trial court's judgment, we do not reach the defendant's due process claim. As to the defendant's equal protection claim, the record shows that the trial court considered all relevant factors. The court was not required to recite all of them; *Scherr* v. *Scherr,* 183 Conn. 366, 368, 439 A.2d 375 (1981); or make specific findings concerning each. *Posada* v. *Posada,* 179 Conn. 568, 573, 427 A.2d 406 (1980).

Finally the defendant argues that § 46b-81 (c) is, as applied to him, void for indefiniteness and an invalid delegation of legislative power to the courts because of the broad discretion conferred upon the

trial court.   We disagree.   Differences inherent in particular family situations require that the court's discretion be broad enough to make suitable orders upon dissolution of marriage to fit the circumstances.   See *Seymour* v. *Seymour,* 180 Conn. 705, 710, 433 A.2d 1005 (1980) ; *Joy* v. *Joy,* 178 Conn. 254, 256, 423 A.2d 895 (1979).

There is no error.