GIACONDINA D. RUSSO *v.* PHILIP J. RUSSO
(2327)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued February 1—decision released May 1, 1984

*M. J. Daly III,* with whom, on the brief, was *Pasquale Palumbo,* for the appellant (defendant).

*Norman J. Voog,* with whom, on the brief, were *Donald C. Simmons* and *Mary M. Voog,* for the appellee (plaintiff).

PER CURIAM. On appeal,[1] the defendant claims, in this action for dissolution of marriage, that the state referee erred (1) in finding facts unsupported by or contrary to the evidence; (2) in failing to consider the criteria of the statutes in awarding alimony and/or assigning property; and (3) in requiring the defendant to pay obligations in violation of 42 U.S.C. § 407.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The findings of the trial court have a reasonable basis in the evidence, are not clearly erroneous and should not be disturbed. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). The defendant claims that the court should not have found that the plaintiff used her income for the upkeep and maintenance of the family home and for medical expenses of the defendant. That fact is consistent with the evidence and does not exclude the fact that the defendant did so also. The defendant urges that other facts and conclusions were erroneous. His claims in that regard have no justification, particularly the claim that the court should not have concluded that the defendant was guilty of intolerable cruelty. Few cases could present facts more indicative of intolerable cruelty. The defendant engaged in acts of cruelty, making the continuance of the marital relationship unbearable, thereby allowing the court to conclude that the cause of the irretrievable breakdown of the marriage was the intolerable cruelty of the defendant. *Garrison* v. *Garrison,* 190 Conn. 173, 178–79, 460 A.2d 945 (1983).

The trial court in its memorandum ordered, as "lump sum alimony," the assignment to the plaintiff wife of the defendant's right, title and interest to the family home, "pursuant to General Statutes § 46b-81." The defendant argues that the court has confused General Statutes § 46b-81 which relates to the assignment of property with § 46b-82 which relates to alimony, and that, since the criteria for the two differ, the court has committed error.[2] The defendant also claims that the court considered nothing other than one criterion for its judgment, the cause of the dissolution of the marriage.

---

[2] The defendant did not seek rectification of the appeal under Practice Book § 3081. It was his duty to do so if he believed that the record was inadequate in this respect for appellate review. *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982).

It is clear that the court was proceeding under General Statutes § 46b-81 since it specifically mentioned that statute and did, in fact, assign the realty and transfer its title to the plaintiff. Historically, awards for alimony and for assignments of property were contained within one statute. *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 581–83, 362 A.2d 835 (1975). The two separate statutes as they now exist are almost identical in their statutory criteria. All of the factors of the statute relating to alimony awards are contained within the factors enumerated in General Statutes § 46b-81. The latter statute is more expansive in that "liabilities" of the parties and the "opportunity of each for future acquisition of capital assets and income" should also be considered, as well as the "contribution . . . in the acquisition, preservation or appreciation in value of their respective estates."

The trial court's memorandum, contrary to the defendant's assertions, reviews almost all of the criteria of General Statutes § 46b-81. The memorandum recites the length of the marriage, the cause of the dissolution, the health, occupation, amount and sources of income, vocational skills and employability of the parties, as well as the contribution of the parties in the acquisition and preservation of the realty. In addition to the facts stated in the memorandum, the transcript establishes the age of the parties and many other salient facts. Although not a minor, the child of the parties lives with the plaintiff and has had psychiatric problems severe enough to require two lengthy hospitalizations. The defendant's child from a former marriage was raised by the plaintiff from the age of four years. That child is now married and is not living in the home. When a trial court has evidence in a dissolution action sufficient for its decision, garnered from the testimony, exhibits and financial affidavits, its rulings will not be disturbed even though the memoran-

dum of decision is silent as to that evidence. *Carpenter* v. *Carpenter,* 188 Conn. 736, 739, 453 A.2d 1151 (1982).

In making an assignment of property, the trial court need not recite all of the criteria of the statute. *Garrison* v. *Garrison,* supra, 177–78; *Lane* v. *Lane,* 187 Conn. 144, 145–46, 144 A.2d 1377 (1982). It may also consider factors not contained within the statute if they are relevant to an equitable disposition of realty. *Robinson* v. *Robinson,* 187 Conn. 70, 72, 444 A.2d 234 (1982). Upon review of an assignment of property, an appellate court is limited to a resolution of whether the court correctly applied the law, and whether it could conclude reasonably that the assignment was appropriate. *Martin* v. *Martin,* 187 Conn. 142, 143, 444 A.2d 1376 (1982).

The assignment of the marital home to the plaintiff was not error on the facts of this case.

The last issue to be resolved is whether the court erred in its judgment that the defendant must pay all of the liabilities listed on his financial affidavit and save the plaintiff harmless from any claims thereon. Such an award is permitted pursuant to General Statutes § 46b-81. *Beede* v. *Beede,* 186 Conn. 191, 196–97, 440 A.2d 283 (1982). The defendant claims that the judgment was improper in this case because the only source for payment of such debts is the defendant's social security disability income. He argues that a court has no authority to attach, garnish or levy disability payments because 42 U.S.C. § 407 (a)[3] forbids the transfer or assignment of future social security benefits. Although that statute forbids the transfer or assign-

---

[3] 42 U.S.C. § 407 (a) provides as follows: "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

ment of future social security benefits, nothing here indicates that such was ordered. The defendant has other potential sources of income, although he may not have had liquid funds with which to pay these debts at the time of trial. The absence of such liquidity did not preclude the trial court from ordering payment by the defendant of his own debts. See *Garrison* v. *Garrison,* supra, 178.

The payment by the defendant of his own liabilities out of his own funds, whether those funds consist of social security benefits or other types of income is not prohibited by federal law. See *French* v. *Department of Social Services,* 92 Mich. App. 701, 708–10, 285 N.W.2d 427 (1979). A social security disability benefit is a source of income designed to provide periodic sums from which the recipient can expend funds necessary for his own support or the support of his dependents. *Meadows* v. *Meadows,* 619 P.2d 598, 600–601 (Okla. 1980). Although a creditor may not garnish a bank account in which a social security recipient of disability benefits has deposited his checks; *Philpott* v. *Essex County Welfare Board,* 409 U.S. 413, 417, 93 S. Ct. 590, 34 L. Ed. 2d 608 (1973); nothing in 42 U.S.C. § 407 prevents the use of the funds, when received, to pay loans or debts for which the beneficiary is obligated where the agreement to repay does not delineate the source of the repayment. *Tidwell* v. *Schweiker,* 677 F.2d 560, 568 (7th Cir. 1982), cert. denied sub. nom. *Pavkovic* v. *Tidwell,* 461 U.S. 905, 103 S. Ct. 1874, 76 L. Ed. 2d 806 (1983). Here, the court's order does not subject the social security benefits to legal process or transfer control of them to anyone else or designate them as the source of the payments. The order, therefore, does not contravene the federal statute.

There is no error.