COMMONWEALTH *vs.* DENNIS R. FORD.

Middlesex.    November 14, 1983. — February 14, 1984.

Present: DREBEN, KASS, & WARNER, JJ.

*Search and Seizure,* Automobile.  *Constitutional Law,* Search and seizure.

In the circumstances, it was error to deny a motion to suppress evidence of a rifle found in the trunk of an impounded automobile by a police officer, when he opened the trunk of the automobile for the purpose of securing certain personal property he had observed in the passenger compartment after the arrest of the driver.  [507-509]

COMPLAINT received and sworn to in the Second Eastern Middlesex Division of the District Court Department on December 4, 1981.

On appeal to the jury session of the First Southern Middlesex Division, a motion to suppress was heard by *Belmonte,* J., and the case was tried before him.

*Maureen B. Brodoff* for the defendant.

*Debra J. Markham,* Assistant District Attorney (*Pamela L. Hunt,* Assistant District Attorney, with her) for the Commonwealth.

WARNER, J.  The defendant was convicted by a jury of six in a District Court of carrying of firearm, a loaded .22 caliber rifle, without a license.  G. L. c. 269, § 10(*a*).  The defendant claims error in the denial of his motion to suppress the rifle.  The uncontradicted evidence presented to the motion judge may be summarized as follows.  Watertown police Officer Chase stopped an automobile driven by the defendant, at about 2:35 A.M., because Chase knew there was a default warrant for the defendant's arrest on a motor vehicle violation.  The defendant could not produce a registration for the automobile.  The defendant was ar-

rested on the outstanding warrant and frisked; he was then taken in a police cruiser to the police station and booked. After determining that there was no record of registration of the automobile the defendant had been driving, Chase decided to have it towed to one of the lots used for storage by the Watertown police. Chase returned to the car (another officer had remained there), which had been stopped at a location where parking was not permitted. While Chase was in the process of removing the ignition key from a ring of keys, for the purpose of turning over the latter to the defendant, he observed eight-track tapes on the front seat and floor. Chase knew that the lot to which the automobile was to be towed was fenced-in, but dark and unguarded, and in an industrial area. He also was aware of reports of thefts of tapes, tape decks, radios and items of personal property from automobiles stored in the lot. Using the defendant's key, Chase opened the locked trunk to put the tapes in a safe place, and he saw the rifle in plain view.

The judge concluded that when Chase opened the trunk he did not intend a search and had no expectation of finding contraband; he also concluded that Chase had a "legitimate" reason for opening the trunk. Chase testified that while the Watertown police did not have any "specific procedure" or "set policy" for securing personal property in circumstances such as here presented, it was his practice and that of "most" other officers to secure personal property in the automobile trunk, except in the case of valuable items (a determination made, apparently, on an ad hoc basis), which were brought to the police station. The judge made no finding whether such a "practice" existed.

The judge's conclusions of law, "especially those of constitutional dimension, are open for our independent review in this appeal." *Commonwealth* v. *Watkins*, 375 Mass. 472, 476 (1978). The defendant argues that the warrantless opening of the trunk was an unreasonable search in violation of both the Fourth Amendment to the United States Constitution and art. 14 of the Declaration of Rights of the Massachusetts Constitution. The Commonwealth answers

that the entry did not constitute a search because Chase had no investigative intent and, alternatively, that if there was a search in the constitutional sense, it was analogous to an inventory search and, therefore, reasonable.

Was an intrusion of the sort presented in this case, viz., one without an investigative intent, a "search" in the constitutional sense? In *Commonwealth* v. *Podgurski,* 386 Mass. 385, 389 (1982), cert. denied, 459 U.S. 1222 (1983), the court said, "There can be a legitimate expectation of privacy in the interior of a motor vehicle, however diminished. Such an expectation clearly exists in those areas which would be otherwise free from observation except by physical intrusion of some sort. . . . In the typical passenger vehicle, these places must include *at least the trunk,* the glove compartment, closed containers in the interior, and in most cases, the area under the seats. *An intrusion into these places is a search.*" (Citation omitted; emphasis supplied.) While the intrusion in *Podgurski* did have investigative qualities, we think that characteristic is not determinative. See *Camara* v. *Municipal Court,* 387 U.S. 523, 530 (1967); *Katz* v. *United States,* 389 U.S. 347, 351-352, and 361 (1967) (Harlan, J., concurring); *Terry* v. *Ohio,* 392 U.S. 1, 9 (1968); *South Dakota* v. *Opperman,* 428 U.S. 364, 377 n.1 (1976) (Powell, J., concurring); 2 LaFave, Search and Seizure § 7.4, at 563-565 (1978); Liacos, Handbook of Massachusetts Evidence 220-221 (5th ed. Supp. 1983); Smith, Criminal Practice and Procedure §§ 158, 159 (2d ed. 1983). We conclude that the opening of the trunk by the police officer in this case constituted a search in the constitutional sense.

The question remains whether the search was reasonable. The Commonwealth has the burden of establishing the reasonableness of a warrantless search. See *Commonwealth* v. *Ortiz,* 376 Mass. 349, 353 (1978). While the search here may more accurately be described as a storage search rather than an inventory search, both the Commonwealth and the defendant rely on those cases which hold that inventory searches are reasonable "if carried out in accordance with standard procedures and if there is no suggestion that the

procedure was a pretext concealing an investigatory police motive." *Commonwealth* v. *Matchett,* 386 Mass. 492, 510 (1982). See *South Dakota* v. *Opperman,* 428 U.S. 364 (1976); *Illinois* v. *Lafayette,* 462 U.S. 640 (1983); *Commonwealth* v. *Wilson,* 389 Mass. 115, 116-117 (1983); *Commonwealth* v. *Tisserand,* 5 Mass. App. Ct. 383, 386-387 (1977). Cf. *Commonwealth* v. *Ellis,* 12 Mass. App. Ct. 612, 623 n.7 (1981).[1] We agree that the procedure followed in this case can stand on no better footing than a warrantless inventory search. Inventory procedures with respect to impounded motor vehicles answer three discrete needs: "[1] the protection of the owner's property while it remains in police custody; [2] the protection of the police against claims or disputes over lost or stolen property; and [3] the protection of the police from potential danger" (citations omitted). *South Dakota* v. *Opperman, supra* at 369. The Commonwealth argues, and we agree, that in attempting to secure the tapes in the trunk, Officer Chase was merely carrying out the caretaking functions described in [1] and [2]. See *Commonwealth* v. *Cavanaugh,* 366 Mass. 277, 282 (1974). Fatal to the Commonwealth's contention, however, is the absence of a finding by the judge that Chase's action was taken pursuant to a standard police procedure governing the circumstances, a finding essential to a determination of reasonableness. See *South Dakota* v. *Opperman, supra; Illinois* v. *Lafayette, supra; Commonwealth* v. *Matchett, supra; Commonwealth* v. *Hason,* 387 Mass. 169, 177-178 (1982); *Commonwealth* v. *Wilson, supra.* "Because the Commonwealth had the burden of justifying the reasonableness of

---

[1] Most State and Federal courts which have considered the question have held that inventory searches are constitutionally permissible, although there is some disagreement whether an inventory should be characterized as a search. See *South Dakota* v. *Opperman, supra* at 369, 370 & n.6, 371, and 377 n.1 (Powell, J., concurring), and cases cited; Annot. 48 A.L.R. 3d 537 (1973 & Supp. 1983). The Supreme Court of the United States seems to have assumed, following *Opperman,* that an inventory is a search. See *Illinois* v. *Lafayette, supra.* The cited decisions of the Supreme Judicial Court and this court have assumed that an inventory is a search.

the warrantless search . . . (see *Commonwealth* v. *Ortiz,* [*supra*]), it must take the consequences of any deficiencies in the motion judge's findings on the issue [of reasonableness]." *Commonwealth* v. *Toole,* 389 Mass. 159, 163 n.8 (1983). This is not a case where we can supplement the judge's findings, because any relevant finding would involve the judge's assessment of the credibility of the Commonwealth's only witness, Chase. See *Commonwealth* v. *Sherman,* 14 Mass. App. Ct. 971, 972 (1982), rev'd on other grounds, 389 Mass. 287 (1983). Cf. *Commonwealth* v. *Matchett, supra* at 511. Moreover, even if Chase's testimony was believed, the only finding which could have been made was that in this instance Chase followed his and most other Watertown police officers' practice in similar situations. Indeed, Chase's testimony precluded a finding that there was a standard procedure. Warrantless inventory searches are reasonable when, because of standard police procedures, there is no discretion given to the officer conducting the search, and "there is no significant danger of hindsight justification." *South Dakota* v. *Opperman, supra* at 383 (Powell, J., concurring). See 2 LaFave, Search and Seizure § 7.4, at 576-577 (1978 & Supp. 1984). Here the decision whether to secure personal property and, if so, where, was left in the unconstrained exercise of Chase's discretion, and the possibility of hindsight justification, not susceptible to successful challenge, is apparent. We do not suggest that if the practice followed by Chase were a standard procedure the search would have been reasonable, but decide merely that, in the circumstances presented in this case, the absence of a standard procedure determines the issue of reasonableness.[2] See LaFave, *supra* at 577-581.

For the reasons stated, it was error to deny the motion to suppress. Accordingly, the judgment is reversed, the ver-

---

[2] We thus do not reach the defendant's argument that the interests of the police in using the automobile trunk as a secure storage facility cannot outweigh the defendant's expectation of privacy in the trunk.

dict set aside, and the case remanded to the District Court for the entry of a finding of not guilty. See *Commonwealth* v. *Funches,* 379 Mass. 283, 296-297 (1979). Contrast *Commonwealth* v. *Taylor,* 383 Mass. 272, 283-285 (1981).

*So ordered.*