RANGEL v UNIVERSITY OF MICHIGAN

Docket No. 88214. Submitted December 15, 1986, at Lansing. Decided
February 3, 1987. Leave to appeal applied for.

Elvira Rangel brought an action under the Civil Rights Act in the
Washtenaw Circuit Court against the University of Michigan.
The court, Patrick J. Conlin, J., ordered summary disposition
for defendant on the ground that the Court of Claims had
exclusive jurisdiction over plaintiff's claim. Plaintiff appealed.

The Court of Appeals *held:*

Circuit courts have jurisdiction to hear claims filed under the
Civil Rights Act.

Reversed and remanded.

CIVIL RIGHTS — COURTS — JURISDICTION — CIVIL RIGHTS ACT.

Circuit courts have jurisdiction to hear claims filed under the
Civil Rights Act (MCL 37.2801; MSA 3.548[801]).

*Ronald B. Keys* (by *Robert B. Reizner*), for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Robert
M. Vercruysse* and *Kathleen B. Hayward*), for
defendant.

Before: M. J. KELLY, P.J., and SULLIVAN and
D. R. CARNOVALE,* JJ.

PER CURIAM. Plaintiff appeals from an order of
summary disposition under MCR 2.116(C)(4), by
which the circuit court dismissed her civil rights

REFERENCES

Am Jur 2d, Civil Rights §§ 261, 262.

See the annotations in the Index to Annotations under Discrimination.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

claim against the University of Michigan on the ground that exclusive subject matter jurisdiction was in the Michigan Court of Claims. We reverse and remand.

While it is generally true that the Court of Claims has exclusive jurisdiction over "all claims and demands, liquidated or unliquidated, ex contractu or ex delicto, against the state" or any of its agencies, MCL 600.6419(1)(a); MSA 27A.6419(1)(a), this Court has previously held in *Littsey v Wayne State University,* 108 Mich App 406, 412-414; 310 NW2d 399 (1981), lv den 413 Mich 882 (1982), that exclusivity does not extend to civil rights claims, such as those asserted under the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.,* which are to be brought in circuit court. As noted in *Littsey,* the scope of the subject matter jurisdiction of the Michigan Court of Claims is defined entirely by statute. The legislative mandate generally granting exclusive subject matter jurisdiction in the Court of Claims expressly limits that jurisdiction as follows:

> This chapter shall not deprive the circuit court of this state of jurisdiction over actions brought by the taxpayer under the general sales tax act, . . . or proceedings for declaratory or equitable relief, or any other actions against state agencies based upon the statutes of this state in such case made and provided, which expressly confer jurisdiction thereof upon the circuit court. [MCL 600.6419(4); MSA 27A.6419(4) (as amended by 1984 PA 212).]

Since an action filed under the Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* is "based upon" Michigan statute, the circuit court has subject matter jurisdiction over claims against the state if that statute expressly confers such jurisdiction. Section 801 of the Civil Rights Act

directs an aggrieved individual to file in circuit court "a civil action for appropriate injunctive relief or damages, or both." MCL 37.2801(1); MSA 3.548(801)(1). See, 108 Mich App 413. A similar holding may be inferred from this Court's opinion in *Marsh v Dep't of Civil Service,* 142 Mich App 557, 561-562; 370 NW2d 613 (1985), lv den 424 Mich 880 (1986), where it was held that the circuit court had jurisdiction to hear claims under the Civil Rights Act filed by state civil service employees. See also, *Walters v Dep't of Treasury,* 148 Mich App 809; 385 NW2d 695 (1986), lv den 425 Mich 872 (1986).

The trial court in this case erred in concluding that the Michigan Court of Claims had exclusive subject matter jurisdiction over plaintiff's employment discrimination claim against the defendant. The order of summary disposition entered October 1, 1985, is reversed to the extent that it disposes of plaintiff's claim under the Civil Rights Act on this jurisdictional ground. Since plaintiff has not appealed the dismissal of any of her other claims against the defendant, she is limited on remand to her civil rights claim.

Reversed.