POMANN, CALLANAN & SOFEN, PC v WAYNE COUNTY
DEPARTMENT OF SOCIAL SERVICES

Docket No. 91666. Submitted April 28, 1987, at Detroit. Decided
February 16, 1988.

Pomann, Callanan & Sofen, P.C., a law firm, represented Ethel
Christian before the Social Security Administration, after
which Christian was determined to be eligible for Supplemental
Security Income benefits. Her first SSI check, representing past-
due benefits in the amount of $8,814.20, was sent directly to the
Wayne County Department of Social Services for reimburse-
ment for general assistance funds it paid Christian during the
pendency of her SSI application. Christian had previously
agreed to this procedure. The Wayne County DSS forwarded the
$1,472.20 balance to Christian, and the regular monthly SSI
checks were to be sent directly to Christian. The Social Secu-
rity Administration authorized Evan Callanan, Jr., of Pomann,
Callanan & Sofen, P.C., to charge Christian $2,950 for the
services he rendered on her behalf before the Social Security
Administration. He was informed, however, that only $162.35
had been withheld from Christian's award and that he must
look to Christian for the balance of the fee. Pomann, Callanan
& Sofen, P.C., filed suit against the Wayne County DSS and
Ethel Christian in Wayne Circuit Court seeking payment of the
fee. Defendant DSS moved for summary judgment on the ground
that the court lacked subject matter jurisdiction because the
Court of Claims had exclusive jurisdiction over the matter and,
further, that plaintiff had failed to state a claim upon which
relief could be granted. The court, Richard P. Hathaway, J.,
denied defendant's motion for summary judgment and granted
summary judgment in favor of plaintiff in the amount of
$2,950, less the $162.35 which had been withheld by the Social
Security Administration. The Wayne County DSS appealed.

The Court of Appeals *held*:

REFERENCES

Am Jur 2d, Social Security and Medicare §§ 1501 *et seq.*

Construction and application of attorney's fee provision (42 USC
sec. 406(b)(1)) of Federal Social Security Act. 22 ALR3d 1081.

1. Plaintiff's claim was one for money damages ex contractu and is within the exclusive jurisdiction of the Court of Claims.

2. Plaintiff has not stated a claim against defendant DSS upon which relief can be granted. SSI benefits are not subject to legal process of any kind.

3. The order granting summary judgment to plaintiff is reversed and summary judgment is granted in favor of defendant.

Reversed.

J. R. GIDDINGS, J., agreed that the case properly belongs in the Court of Claims and that summary judgment must be granted in favor of defendant. He does not agree, however, that plaintiff failed to state a claim upon which relief can be granted.

1. COURTS — COURT OF CLAIMS — JURISDICTION — MONEY DAMAGES.
    The Court of Claims has exclusive jurisdiction over all claims against the state and its instrumentalities for money damages (MCL 600.6419[1][a]; MSA 27A.6419[1][a]).

2. SOCIAL SECURITY — SUPPLEMENTAL SECURITY INCOME BENEFITS — ATTORNEY AND CLIENT — ATTORNEY FEES — COURT OF CLAIMS.
    A claim brought by a law firm against a county Department of Social Services for payment of its fee for representing an applicant for Supplemental Security Income benefits before the Social Security Administration, which fee was approved by the SSA, out of SSI funds paid to the applicant but sent to the county DSS to reimburse it for general assistance payments made to the SSI applicant during the application process is a claim for money damages against an instrumentality of the state and therefore comes within the exclusive jurisdiction of the Court of Claims (MCL 600.6419[a][1]; MSA 27A.6419[1][a]).

3. SOCIAL SECURITY — SUPPLEMENTAL SECURITY INCOME BENEFITS — PROCESS.
    Supplemental Security Income benefits provided for by the Social Security Act are not subject to legal process of any kind (42 USC 407[a]).

*John J. Pomann,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *L. Kim Hoagland* and *Rosendo Asevedo, Jr.,* Assistant Attorneys General, for defendant.

Before: D. F. WALSH, P.J., and WAHLS and J. R. GIDDINGS,* JJ.

D. F. WALSH, P.J. Defendant Wayne County Department of Social Services appeals from the March 20, 1986, order of the Wayne Circuit Court granting summary judgment in favor of plaintiff, the law firm of Pomann, Callanan & Sofen, P.C., in the amount of $2,787.65. We reverse and enter summary disposition for defendant.

Plaintiff, through Evan H. Callanan, Jr., represented Ethel Christian before the Social Security Administration following Christian's application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. 42 USC 1381 *et seq.* In a December 15, 1983, notice, Ms. Christian was informed that she was eligible to receive continuing monthly SSI benefits. The award was retroactive to July, 1981. Her first SSI check, representing past-due benefits in the amount of $8,814.20, was sent directly to defendant so that defendant could be reimbursed for the general assistance funds it had paid to Ms. Christian during the pendency of her SSI application. Ms. Christian had previously agreed to this procedure.[1] On December 9, 1983, after deducting $7,342 for the interim assistance it had advanced to Ms. Christian, defendant forwarded to her the balance of $1,472.20. Future monthly SSI checks in the amount of $338.30 were to be sent directly to Ms. Christian.

On April 17, 1984, the Social Security Administration authorized Mr. Callanan to charge Ms. Christian $2,950 for services he rendered on her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] See generally 42 USC 1383(g) and 20 CFR 416.1901 *et seq.* concerning the interim assistance reimbursement program. The standard reimbursement authorization, which Ms. Christian signed on July 24, 1981, is reproduced in *French v Dep't of Social Services,* 92 Mich App 701, 704; 285 NW2d 427 (1979).

behalf before the Social Security Administration.[2] He was informed, however, that only $162.35 had been withheld from Ms. Christian's award and that he must look to Ms. Christian for the balance of the fee.[3]

On April 19, 1985, plaintiff law firm commenced this action, seeking its fee from defendant.[4] Plaintiff alleged Ms. Christian's agreement to pay plaintiff the sum authorized by the Social Security Administration. According to plaintiff, defendant benefitted from plaintiff's labor and had been unjustly enriched in the amount of the approved attorney fee. Plaintiff also claimed that an attorney charging lien or equitable lien existed in its favor against the award which had been sent to defendant. Plaintiff requested judgment in its favor in the amount of $2,950. Plaintiff also asked that defendant provide an accounting and that defendant be ordered to pay $2,950 into a special account pending outcome of the case.

In its answer and motion for summary disposition, defendant claimed that the circuit court lacked subject matter jurisdiction. MCR 2.116(C)(4). Exclusive jurisdiction, according to defendant, lay in the Court of Claims. Defendant also argued that plaintiff had failed to state a claim upon which relief could be granted. See MCR 2.116(C)(8).

Plaintiff filed a motion for summary judgment, claiming that there was no genuine issue of fact

---

[2] A person who represents an SSI claimant may not charge or receive any fee which the Social Security Administration has not approved. A representative must file a written request with a Social Security office for approval of a particular fee. 20 CFR 416.1520-.1525.

[3] The Social Security Administration is not responsible for paying approved fees in SSI cases. 20 CFR 416.1520(c)(3), (d)(3). Compare the procedure in cases involving claims for benefits under Title II of the Social Security Act, 42 USC 401 et seq. 42 USC 406.

[4] Also named as defendant was Ms. Christian. Plaintiff's claim against Ms. Christian is not at issue in this appeal.

concerning the attorney fee and that there was an equitable lien in the amount of the attorney fee against the award which had been sent to defendant. See MCR 2.116(C)(10).

The circuit court disagreed with defendant on both the jurisdiction and substantive issues, ruling that, in the exercise of "its equitable powers to secure payment for Plaintiff from" the ssi award which had been sent directly to defendant, summary judgment was granted to plaintiff in the amount of $2,950, less the $162.35 which, according to the Social Security Administration, had been withheld. We reverse.

Defendant argues that exclusive jurisdiction over plaintiff's complaint lay in the Court of Claims.

The subject matter jurisdiction of the Court of Claims is defined entirely by statute. *Littsey v Bd of Governors of Wayne State University,* 108 Mich App 406, 412; 310 NW2d 399 (1981), lv den 413 Mich 882 (1982); *Rangel v University of Michigan,* 157 Mich App 563; 403 NW2d 836 (1987), lv den 428 Mich 907 (1987).

The Court of Claims has exclusive jurisdiction:

> To hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies. [MCL 600.6419(1)(a); MSA 27A.6419(1)(a).]

This exclusive jurisdiction encompasses all claims against the state and its instrumentalities for money damages. *Paquin v Northern Michigan University,* 79 Mich App 605, 607; 262 NW2d 672 (1977).

The Court of Claims has concurrent jurisdiction of any demand for equitable relief which is ancil-

lary to a claim filed pursuant to MCL 600.6419; MSA 27A.6419. MCL 600.6419a; MSA 27A.6419(1). The Court of Claims Act affirms the continued availability of circuit court jurisdiction over proceedings for strictly equitable relief. MCL 600.6419(4); MSA 27A.6419(4), MCL 600.6419a; MSA 27A.6419(1).

In this case, review of plaintiff's complaint discloses that, notwithstanding the equitable theories advanced, its claim is one for money damages. Plaintiff bases its claim both on Ms. Christian's agreement to pay the authorized attorney fee and on the alleged unjust enrichment of defendant. This latter theory sounds in quasi-contract, or contract implied-in-law, *Moll v Wayne Co,* 332 Mich 274, 278-279; 50 NW2d 881 (1952), overruled on other grounds *Brown v Dep't of Military Affairs,* 386 Mich 194, 201; 191 NW2d 347 (1971), cert den 405 US 990; 92 S Ct 1256; 31 L Ed 2d 457 (1972); *Hollowell v Career Decisions, Inc,* 100 Mich App 561, 570; 298 NW2d 915 (1980). Plaintiff's claim is thus a claim for money damages ex contractu and was within the exclusive jurisdiction of the Court of Claims.[5]

In the interest of judicial economy, we also address defendant's remaining argument that plaintiff did not state a claim upon which relief could be granted.

Incorporated into Title XVI of the Social Security Act, 42 USC 1383(d)(1), is § 407(a) of the act, which provides:

> The right of any person to any future payment under this subchapter shall not be transferable or

---

[5]

An action is one *ex contractu* when it is derived from (a) an express promise, (b) a promise implied in fact or (c) a promise implied in law. [*Uptegraff v Home Ins Co,* 662 P2d 681, 684 (Okla, 1983).]

assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law. [42 USC 407(a).]

In *Kerlinsky v Massachusetts,* 17 Mass App 501; 459 NE2d 1240 (1984), the plaintiff, an attorney who had represented two persons in their successful pursuit of ssi benefits, sued the State Department of Public Welfare asserting an attorney's lien. As in the instant case, the claimant's initial ssi checks had been sent by the Social Security Administration directly to the state pursuant to the interim assistance reimbursement program. 42 USC 1383(g). Summary judgment was entered for the state and the attorney appealed. After reviewing 20 CFR 416.1500 *et seq.,* see ns 2 and 3, *supra,* the Massachusetts Court of Appeals turned to 42 USC 407 and concluded:

Ssi funds in the hands of the Commonwealth are not subject to attachment or lien by creditors and no exception was carved out in the statute for an attorney's lien. [459 NE2d 1242.]

Under similar facts, the California Court of Appeals affirmed a judgment denying an attorney's claim for fees against the county in *Neal v Stanislaus County,* 141 Cal App 3d 534; 190 Cal Rptr 324 (1983). Rejecting the attorney's unjust enrichment/common fund argument, the *Neal* court found "no contractual relation or overriding equitable rationale of unfairness to plaintiff which supports an allowance of fees." 141 Cal App 3d 539. The court relied in part on this Court's analysis of the interim assistance reimbursement program in *Inman v Dep't of Social Services,* 98 Mich App 266, 271; 296 NW2d 232 (1980):

"Section 1383(g) was enacted to encourage states to provide interim assistance where there is no duty to so provide. Congress was aware that between the time an individual applies for SSI benefits and the time they are received, considerable time may elapse. In the present case, Mrs. Inman was required to wait approximately six months. Although the first SSI check includes retroactive benefits from the time of filing, this cannot satisfy those persons who are in immediate and constant need. To help these persons, many states provide interim assistance.

"As a condition for assistance in Michigan, a recipient must agree to have the first SSI payment sent directly to the state. See *French v Dep't of Social Services,* 92 Mich App 701; 285 NW2d 427 (1979). This practice is consistent with § 1383(g) and the regulations promulgated thereunder. 20 CFR 416.1901 *et seq.*

"We find that the effect of § 1383(g)(1) and (2) is to make a state which supplies interim assistance a *preferred creditor* as to the first SSI payment." [141 Cal App 3d 539-540. Emphasis in original.]

See also *McCarthy v Secretary of Health & Human Services,* 793 F2d 741 (CA 6, 1986), where the plaintiff, an attorney who successfully represented two SSI claimants, challenged the interim assistance reimbursement procedures, arguing that the Secretary of Health and Human Services should have deducted his attorney fees from the SSI past-due benefit awards prior to reimbursing the Michigan Department of Social Services. The district court agreed. The Sixth Circuit Court of Appeals reversed, refusing to extend to Title XVI the Title II provision for withholding of attorney fees. 42 USC 406. Acknowledging the sound policy of insuring adequate representation of SSI claimants, the court found no congressional intent to allow the withholding of attorney fees from SSI awards. The court found support for its holding in

the interim assistance reimbursement procedures established by Congress:

> Further support for the Secretary's position is evidenced by the particular procedure followed in these cases. As previously stated, after determining the amount of past due benefits, the Secretary sent the claimants' checks to the Michigan DSS, pursuant to 42 U.S.C. § 1383(g). After deducting payment for the amount of interim assistance paid the claimants during the pendency of their claims, the Michigan DSS forwarded the balance of the benefits to the claimants in accordance with the command of section 1383(g)(4)(A). In our view, this clear procedure set forth by Congress for reimbursing a state which has provided interim assistance pursuant to section 1383(g) is contrary to the relief ordered by the district court in the instant case. [793 F2d 744-745.]

Contra *Galbreath v Bowen,* 799 F2d 370 (CA 8, 1986), cert gtd — US —; 107 S Ct 1970; 95 L Ed 2d 811 (1987).

We recognize that it may be in defendant's interest that attorneys represent SSI claimants who receive interim state assistance. See *Kerlinsky v Massachusetts, supra,* 459 NE2d 1242. We are nonetheless persuaded that plaintiff has not stated a claim against defendant upon which relief can be granted. SSI benefits are not subject to legal process of any kind. 42 USC 407(a). The procedures followed by defendant in this case complied with the congressional mandate. 42 USC 1383(g). We agree with the conclusion of the California Court of Appeals that alteration of those procedures to accommodate attorneys who represent SSI claimants is a legislative, rather than judicial, function. *Neal v Stanislaus County, supra,* 141 Cal App 3d 540.

We reverse the order granting summary judgment to plaintiff and we grant summary disposition to defendant. No costs, a public question being involved.

Reversed.

WAHLS, J., concurred.

J. R. GIDDINGS, J. *(concurring in part and dissenting in part).* I concur in the determination that this case properly belongs in the Court of Claims, and, therefore, summary judgment must be granted in favor of defendant. However, I do not agree that plaintiff has failed to state a claim upon which relief can be granted.