[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: #115. RULE TO SHOW CAUSE AND MOTION FORCONTEMPT
On January 23, 1992, the parties were divorced after an uncontested dissolution hearing. The parties had signed a written stipulation which was at paragraphs two through seven incorporated into the judgment file. In regard to the real property at 269 Lighthouse Road, New Haven, it was ordered that the property:
 ". . . shall be listed for sale with a real estate broker licensed to do business in the State of Connecticut for the sum of $139,000.00, and that upon the sale of said premises and the closing of title, the parties shall split the net proceeds of sale, . . ."
It further provided as to that real estate:
 "The Wife shall have exclusive possession of said premises until March 1, 1992, at which time she shall vacate said premises. Beginning March 1, 1992, the Husband shall have the right to possess and occupy said marital residence and have exclusive possession thereof. The Husband shall continue to pay, without reimbursement, all the expenses associated with said marital residence, inclusive of the payment of the first mortgage, real estate taxes, and hazard insurance."
The Judgment made no provision for me award of alimony to either party.
The Defendant has filed this Motion for Contempt, claiming that the Plaintiff has violated the judgment by renting out the premises at 269 Lighthouse Road. By way of remedy, she seeks her "fair share of rent." For purposes of ruling on this Motion, the parties stipulate that, indeed, Mr. Amato has rented out the premises since March 1, 1992. Plaintiff claims that the rental is not barred by the judgment and that contempt does not lie; that the Defendant improperly seeks to modify a property settlement order post-judgment through the instant motion. For the reasons stated hereinafter, the Court agrees and the Motion for Contempt is denied. CT Page 11745-E
The Order entered regarding the real estate of and regarding ownership, sale, encumbrance (carry costs) payments, and occupancy and possession of that real estate were all entered pursuant to Connecticut General Statutes § 46b-81. They are orders of assignment of property of the husband and the wife. The court is granted wide discretion in fashioning its orders because every situation is unique. Lane v. Lane, 187 Conn. 144, 147,444 A.2d 1377 (1982). In the instant case, the language was adopted whole-cloth from an agreement of the parties.
 ". . .[I]n assigning an asset of the parties pursuant to § 46b-81, the court has jurisdiction to assign possession of the asset until the occurrence of a future event. . . ."
Passamano v. Passamano, 228 Conn. 85, 94, 634 A.2d 891 (1993).
Here, pursuant to § 46b-81, the Court ordered that the Plaintiff had "the right to possess and occupy said marital residence and have exclusive possession thereof" until the property was sold. (There is no question before the Court of any unwillingness or failure of compensation by the Plaintiff in the marketing for sale of this property. See Roberts v. Roberts,32 Conn. App. 465, 467, 629 A.2d 1160 (1993), for interesting remedies where rents were allegedly collected and there was no cooperation in the sale.)
The threshold finding required to be made in this matter is whether the Plaintiff's rental of the premises is a violation of the court order. This turns on an interpretation the language utilized. There is no authority in Connecticut which directly defines the terms "possess and occupy" and "exclusive possession" and the limits imposed by them. Where a party had been given by court order "exclusive use" of the family home until certain occurrences our Supreme Court has had occasion to consider the rights extant in that order. The Supreme Court opined that the right to create a tenancy is embodied in the right of exclusive use: "The plaintiff and children have the use of the asset and possibly could earn income from renting a portion of it." Wolk v.Wolk, 191 Conn. 328, 332 (1983). To the Supreme Court, then, the right to rent was implicit in the award of "exclusive use." The Defendant provides no authority to the contrary.
The language of the decree ordering the Plaintiff to pay all of the listed expenses "without reimbursement" cannot be read to CT Page 11745-F bar the rental of the property. Defendant argues, without authority, that the collection of rents constitutes reimbursement. Indeed, the collection of rents does not constitute expense reimbursement which would be paying someoneback for sums expended. Rents are income. There was no violation by Plaintiff of the terms of the judgment. The Motion for Contempt is denied.
Munro, J.