RICHARD H. ROBINSON *v*. MARLENE S. ROBINSON

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued March 11—decision released May 4, 1982

*Joseph A. Mengacci,* for the appellant (defendant).

*Neal B. Hanlon,* for the appellee (plaintiff).

PARSKEY, J. The parties were married in 1974. Early in September of 1979, the defendant was summoned for jury duty at the Superior Court in Waterbury and shortly thereafter met a reporter who was covering a trial in progress at the court.

This casual meeting quickly developed into an amorous relationship, to the point that by September 20 she told the plaintiff about her desire to seek a divorce and by October 12 she left the family residence, moved to another community and there carried on a clandestine affair with the reporter. As a result of the defendant's conduct the plaintiff suffered humiliation and mental anguish.

The parties were joint owners of a savings account in the amount of $7355 and of the family residence in Naugatuck. The parties divided the savings account equally and the court disposed of the residence in its final decree. The defendant made no claim for either periodic or lump sum alimony. She did claim an assignment of property pursuant to General Statutes § 46-51 (now § 46b-81). In granting a dissolution of the marriage the trial court, "[t]aking into consideration the norms prescribed in § 46b-81 (c) with particular emphasis on the conduct of the defendant, the sums already received by her, [and] the humiliation and mental suffering of the plaintiff . . ." ordered the defendant to convey to the plaintiff her interest in the family dwelling subject to a lien in her favor to secure payment of $4100. The defendant's principal claim is that in making its assignment of property the trial court gave inordinate weight to the cause of the breakdown of the marriage and in doing so erroneously considered factors such as humiliation and mental anguish. We do not agree.

Because an action for dissolution of marriage is a creature of statute, it is sometimes assumed that the statute not only creates the grounds for relief but also circumscribes the remedy. Although cre-

ated by statute, a dissolution action is essentially equitable in nature. *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835 (1975). "The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." Id., 585. General Statutes § 46b-81 sets forth certain criteria for the court to consider in making an assignment of property. Although in making its financial determinations the court is required to consider these criteria; *Valante* v. *Valante,* 180 Conn. 528, 530, 429 A.2d 964 (1980); *Fucci* v. *Fucci,* 179 Conn. 174, 179, 425 A.2d 592 (1979); in the exercise of its inherent equitable powers it may also consider any other factors which may be appropriate for a just and equitable resolution of the marital dispute. *Pasquariello* v. *Pasquariello,* supra, 585–86. While alimony, in whatever form, or an assignment of property is not to be considered either as a reward for virtue or as a punishment for wrongdoing, a spouse whose conduct has contributed substantially to the breakdown of the marriage should not expect to receive financial kudos for his or her misconduct. Moreover, in considering the gravity of such misconduct it is entirely proper for the court to assess the impact of the errant spouse's conduct on the other spouse. Because in making its assignment of property the trial court had a reasonable basis for its disposition we see no reason for disturbing the result. *McPhee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982).

The defendant's assertion that the trial court found without evidence that the plaintiff used his portion of the joint savings account for the upkeep and expenses of the family residence is not well

founded. The court's conclusion is amply supported by the evidence. But even if it were otherwise this factual finding is so tangential to the assignment of property issue that any error in this finding would be harmless.

There is no error.

In this opinion the other judges concurred.