BARBARA N. KRAUSE *v.* DAVID W. KRAUSE
(10765)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued February 2—decision released March 22, 1983

*Nicholas E. DeNigris,* for the appellant (defendant).

*D. Stephen Gaffney,* with whom, on the brief, was *Bernard D. Gaffney,* for the appellee (plaintiff).

PARSKEY, J. The sole issue[1] involved in this appeal is whether the trial court abused its discretion in ordering the defendant husband to transfer his interest in the jointly held family home to the plaintiff wife. Because in our view no such abuse has been demonstrated, we affirm.

"The purpose of property division 'is to unscramble the ownership of property, giving to each spouse

---

[1] At oral argument the defendant abandoned all claims with regard to the orders involving personal property. He also acknowledged that he was not challenging any of the findings of facts contained in the memorandum of decision.

what is equitably his.' Clark, Domestic Relations, p. 450 (1968) .... At the time of entering a decree dissolving a marriage, the trial court may assign to either party all or any part of the estate of the other .... In fixing the nature and value of the property assigned ... the court 'shall consider the length of the marriage, the causes for the ... dissolution of the marriage, ... the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate' and needs of each of the parties. ... With respect to property assignment the trial court must also consider the liabilities of the parties, 'the opportunity of each for future acquisition of capital assets and income ... [and] the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.' General Statutes § 46b-81 (c)." *McPhee* v. *McPhee,* 186 Conn. 167, 170–71, 440 A.2d 274 (1982).

The defendant, noting the infrequency with which this court has reversed trial court awards in family matters, nevertheless argues that because of the claimed one-sided nature of the property assignment this case qualifies for treatment as a rara avis. We disagree.

An assignment of property is not to be examined in a financial vacuum but rather should be considered in relation to all other relevant financial factors. Custody of the three minor children of the marriage was awarded to the plaintiff coupled with a support order of $60 a week for each child. A nominal order of $1 a year alimony was ordered. As each child attains 18 years of age (the first in July, 1983, the second in April, 1985, and the third

in June, 1988) weekly support will be reduced by $60 on each of those occasions. The plaintiff has a take-home pay of $164.58 a week; the defendant has a take-home pay of $276.36 plus other net income of $95 a week. Although the plaintiff will become the sole owner of a home estimated to be worth $100,000, she takes it with a $25,000 mortgage and will now have the sole burden of mortgage payments, taxes, insurance and maintenance. The defendant will be relieved of these burdens. When all of the financial factors are placed on the scale of equity and fairness we cannot say that the trial court, in reason, could not have concluded as it did. "Because in making its assignment of property the trial court had a reasonable basis for its disposition we see no reason for disturbing the result." *Robinson* v. *Robinson,* 187 Conn. 70, 72, 444 A.2d 234 (1982).

Finally, the defendant requests that for the benefit of the trial bench, the bar and litigants we establish guidelines with respect to financial awards in family matters. By the very nature of these cases we cannot do so. Unfortunately there are no fixed stars in the family relations firmament on which to train a judicial sextant. While trial judges are not authorized to "shoot the moon," "[d]ifferences inherent in particular family situations require that the court's discretion be broad enough to make suitable orders upon dissolution of marriage to fit the circumstances." *Lane* v. *Lane,* 187 Conn. 144, 147, 444 A.2d 1377 (1982).

There is no error.

In this opinion the other judges concurred.