ENTERPRISE LEASING CORPORATION *v.*
KENNETH E. DIXON ET AL.
(2356)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued January 5—decision released April 3, 1984

*Peter B. Benedict,* for the appellants (defendants Kenneth and Joan Dixon).

*Richard E. Castiglioni,* with whom, on the brief, was *Marilyn B. Dussault,* for the appellee (plaintiff).

*Michael R. Friedman,* with whom, on the brief, was *Allan S. Mall,* for the appellee (defendant First National State Bank of Northwest Jersey).

BORDEN, J. The plaintiff, Enterprise Leasing Corporation (Enterprise), brought this action to foreclose a second mortgage granted to it by the defendant Kenneth E. Dixon on his real property located in Stamford. Also named as defendants were Joan M. Dixon,[1] who had cosigned the lease obligation underlying the mortgage, and the First National State Bank of Northwest Jersey (bank), which held a third mortgage on the property. The bank filed a cross complaint against the Dixons for foreclosure of its mortgage on the property, the note for which was guaranteed by them. The Dixons filed a special defense to the bank's cross complaint and filed their own cross complaint against the bank. The court rendered judgment for Enterprise on its complaint, and for the bank on the respective cross complaints between it and the Dixons. The Dixons appealed.[2]

The underlying transaction giving rise to the mortgages was the purchase by Dixon of the Washington Porcelain Company under the name of Dixon Porcelain Company. The Dixons and the Dixon Porcelain Company leased a kiln from Enterprise and, as security for their obligations under the lease, Dixon granted the second mortgage to Enterprise on the Stamford property. As part of the financing for the purchase of Washington Porcelain Company, the Dixon Porcelain Company borrowed money from the bank, the note for which was guaranteed by the Dixons and secured by, inter alia, the third mortgage on the Stamford property. Defaults under the lease led to this foreclosure action.

---

[1] For purposes of clarity we refer herein to Kenneth E. Dixon as Dixon, and to Kenneth E. and Joan M. Dixon jointly as the Dixons. There were other defendants as well whose interests are not involved in this appeal.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83–29, § 2 (c).

I

The Dixons' sole claim of error relating to the judgment for Enterprise on its complaint is that the court erred in determining the amount of the debt. The basis of this claim is that a payment of $5158.81 should have been, but was not, credited against the amount due under the lease. The purpose of the payment was disputed. There was evidence that the money was paid for an option to purchase the kiln and not toward the obligations under the lease. The court was entitled to accept this version of the facts. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 435 A.2d 24 (1980).

II

The basis of the Dixons' special defense and related cross complaint against the bank was that the bank breached its promise to Dixon to provide accounts receivable financing to the porcelain business, resulting in undercapitalization of the business and the default on the bank's mortgage note. The Dixons raise three claims of error on the judgment for the bank relating to the cross complaints between them.

A

The first claim is that the court erred in finding that the Dixons failed to establish under applicable New Jersey law a sufficiently specific promise by the bank to provide the claimed financing. We disagree.

The court found that the request for the accounts receivable financing and its alleged offer and acceptance took place in New Jersey. In accordance with the general rule that "the validity and the construction of a contract are determined by the law of the place where the contract was made"; *Breen* v. *Aetna Casualty & Surety Co.,* 153 Conn. 633, 637, 220 A.2d 254 (1966);

the court applied New Jersey law to determine the validity of the Dixons' claimed contract. Neither side disputes that New Jersey law applies.

The court followed the New Jersey case of *Malaker Corporation* v. *First Jersey National Bank,* 163 N.J. Super. 463, 474, 395 A.2d 222 (1978), for the proposition that an enforceable contract must have its essential terms ascertained with reasonable certainty and the contractual obligations specifically described so as to enable the trier of fact to determine what the promissory undertaking was. The court found that the evidence of such an agreement was "minimal and marginal at best," and that the Dixons failed to establish such essential terms of the agreement as the interest rate, repayment terms, terms of collateral if any, and length of the agreement. In response to the Dixons' claim of promissory estoppel, the court found no promise of sufficient clarity to serve as a basis for reasonably justified reliance. These findings are not clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra.

### B

The Dixons next claim error in an evidentiary ruling by the court. They introduced, by way of a reading, the deposition of Marc Kapastin which had been taken, upon notice by the Dixons, in Louisiana pursuant to General Statutes § 52-156, which governs preservation of the testimony of a witness in a civil action. After the reading of Kapastin's direct testimony the bank waived the introduction into evidence of his cross-examination, which had been conducted by the bank's counsel. The Dixons objected and requested that the entire deposition be read. The court overruled the objection and excluded the cross-examination, to which the Dixons duly excepted.

It is true, as the bank argues, that "the decision whether to cross-examine a witness is almost always

a purely tactical one"; *State* v. *Clark,* 170 Conn. 273, 286, 365 A.2d 1167, cert. denied, 426, U.S. 962, 96 S. Ct. 1748, 48 L. Ed. 2d 208 (1976); and that cross-examination is a right belonging to a party; *Gordon* v. *Indusco Management Corporation,* 164 Conn. 262, 271, 320 A.2d 811 (1973); and is thus waivable by that party. Here, however, the bank did not take the tactical risk of waiving cross-examination; it purported to "waive" the introduction of the deposition testimony already given. That it could not do.

A deposition "is not an exhibit, but testimony in the custody of the clerk of the court until offered in evidence." Id. Having, by its cross-examination, created the testimony, the bank did not own that testimony; see *Ansonia* v. *Cooper,* 66 Conn. 184, 193–95, 33 A. 905 (1895); so as to be able to exclude its introduction into evidence solely on the basis of waiver. 7 Wigmore, Evidence (Chadbourn Rev.) § 2103, p. 632 n.2 (direct examiner may introduce the deposition cross-examination if the cross-examiner does not do so.) To hold otherwise would make cross-examination of a deposition witness more valuable than if the witness were produced at trial, because it would permit the cross-examining party to see what the cross-examination discloses and later decide whether to permit its introduction. Thus, the court erred in excluding the cross-examination.

This does not end our inquiry, however. The Dixons have the burden of showing that the error was probably harmful to them, which involves a showing that the error was likely to affect the result. *Anonymous* v. *Norton,* 168 Conn. 421, 430, 362 A.2d 532, cert. denied, 423 U.S. 935, 96 S. Ct. 294, 46 L. Ed. 2d 268 (1975); *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 21, 118 A.2d 798 (1955). We have examined the cross-examination of Kapastin, presented to us in the appendix to the Dixons' brief, and conclude that its exclu-

sion was harmless. It was concerned solely with the question of whether there was a commitment by the bank for accounts receivable financing; but it is vague and uncertain as to that issue and adds nothing to what the court found lacking in the Dixons' proof of the essential terms of such an agreement.

## C

The final claim is that in the reading of Kapastin's deposition the court erred in sustaining the bank's objections as to the form of certain questions. The Dixons have, however, made no more than a minimal pass at complying with Practice Book § 3060F (c) (3), which requires the appellant's brief to include, inter alia, the question, the objection and its ground, the claimed ground of admissibility, the ruling and the exception. A bare assertion in the brief that the adverse party made objections as to the form of questions, coupled with transcript page references, will not suffice. Nor is there any showing of how the rulings were harmful. Under these circumstances we decline to consider this claim of error. *Southern Connecticut Gas Co. v. Housing Authority,* 191 Conn. 514, 523 n.5, 468 A.2d 574 (1983).

There is no error.

In this opinion the other judges concurred.