STEPHEN W. GROSS ET AL. *v.* WILLIAM J. LATIMER
(2248)

DANNEHY, C.P.J., TESTO and BORDEN, Js.

Argued January 10—decision released April 3, 1984

*Kathleen A. Hogan,* with whom, on the brief, were *Arnold H. Rutkin, William B. Barnes* and *David S. Rutkin,* for the appellants (plaintiffs).

*Michael A. Dowling,* with whom, on the brief, was *Edward J. Holahan, Jr.,* for the appellee (defendant).

DANNEHY, C.P.J. This action claiming negligence on the part of the defendant was tried to the jury which returned a verdict for the defendant on each of two counts. The plaintiffs appealed[1] from the denial of their motion to set aside the verdict and from the judgment, claiming as error portions of the court's charge to the jury and also the rulings excluding from the police report the statements of the plaintiff Patricia C. Hassey.

Certain facts are not in dispute. At or about 6 p.m. on July 24, 1975, the plaintiff Patricia C. Hassey was riding as a passenger in a motor vehicle owned and

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

operated by the plaintiff Stephen W. Gross. The plaintiffs were traveling downhill in a westerly direction on Route 133 in Brookfield. At the same time and place, the defendant, William J. Latimer, was operating his motor vehicle uphill in an easterly direction on the highway. The two cars approached each other from opposite directions on a curve in the highway and collided. Every other fact was at issue.

The plaintiffs in their complaint claimed that the collision was due to the negligence of the defendant. Those paragraphs of the complaint alleging the various ways in which the defendant was negligent were incorporated into both counts, the first as to the plaintiff operator and the second as to the plaintiff passenger. The defendant's answer contains two defenses: a denial of the alleged negligence and contributory negligence on the part of the plaintiff operator.

The plaintiffs testified as to the place of the collision. The defendant contradicted the plaintiffs' testimony as to the location of the collision. There was no evidence which established physical facts concerning the point of impact between the cars. The plaintiff passenger also testified that before the collision she saw the defendant's automobile cross into their lane and she watched as the plaintiff operator tried to evade the impending collision. The defendant admitted that as he drove around the bend he shifted his automatic transmission from low gear to "drive" and, while his eyes were for "less than a second" on the gear shift indicator located on the steering column, the collision occurred. This evidence would seem to corroborate the plaintiffs' claim as to where the cars collided and would tend to discredit the defendant's claim that he was maintaining a proper lookout. There were other facts in evidence, however, relative to the speed, course and location of each car during the final seconds preceding the crash from which the jury could have concluded that under all of the cir-

cumstances the defendant was not negligent when his eyes were on the gear shift, and not on the road, for less than a second. Here, upon the controlling questions there was a direct conflict of evidence, and the determination of the contested facts was for the jury, unless we can hold that the jury could not reasonably have reached the decision they did reach. *Beckman* v. *Jalich Homes, Inc.,* 190 Conn. 299, 310, 460 A.2d 488 (1983). This we cannot do. The jury was justified in reaching and the trial court in sustaining the verdicts rendered.

The jury returned a general verdict. No interrrogatories were propounded. The plaintiffs did not claim that the court erred in charging on the issues raised by the defendant's denial of negligence on his part. As there are two separate and distinct defenses, the general verdict should be sustained if the charge on one of them is correct, regardless of the correctness of the instructions as to the other. *Stone* v. *Bastarache,* 188 Conn. 201, 205, 449 A.2d 142 (1982). "Any hairsplitting distinction that might possibly be made in connection with the court's treatment of the issue of contributory negligence is of no moment in the light of the general verdict, which could well have been predicated on a finding that the defendant was not negligent." *Weinstein* v. *Hallas,* 140 Conn. 387, 390, 100 A.2d 733 (1953).

Three other errors are claimed in the trial court's instructions to the jury. The plaintiffs made no written request to charge and they made no objection after the charge was delivered on the matter related to the issues of comparative negligence, proximate cause and the defendant's duty to maintain a proper lookout. These assignments present nothing for us to consider. Practice Book § 315. Had counsel conformed to our simple rule, this situation would not have arisen. *Bevins* v. *Brewer,* 146 Conn. 10, 12–13, 147 A.2d 189 (1958).

The plaintiffs' final claim of error concerns the action of the trial court in expunging so much of a police officer's accident report which contained statements made to him by the plaintiff passenger Hassey. Practice Book § 3060F (c) (3) sets out the procedure for review of claimed evidentiary errors in both jury and court cases. It is our strong policy that rulings that are claimed as evidentiary errors to be reviewed by this court be provided and printed in the briefs as required and outlined by the Practice Book. The present case illustrates the wisdom of complying with our rules of practice. It is crystal clear that the plaintiffs did not take an exception to the court's ruling on evidence and would be in no position now to claim error on that ruling except that there are excerpts from the transcript showing the situation under which the ruling was made. The ruling of the trial court that those portions of the police officer's report which contained statements made to him by the plaintiff passenger Hassey were not admissible under the provisions of our business-entry statute; General Statutes § 52-180; was correct. *Hutchinson* v. *Plante,* 175 Conn. 1, 5, 392 A.2d 488 (1978).

There is no error.

In this opinion the other judges concurred.