HILDA BENCIVENGA *v.* CITY OF MILFORD
(2393)

DANNEHY, C.P.J., HULL and BORDEN, Js.

Argued May 2—decision released August 7, 1984

*Bruce L. Levin,* for the appellant (defendant).

*Max F. Brunswick,* with whom, on the brief, was *Sherman A. Zitomer,* for the appellee (plaintiff).

PER CURIAM. On October 26, 1981, the defendant, in eminent domain proceedings, took properties at 164 and 176 Hillside Avenue in Milford owned by the plaintiff and, in its statement of compensation, assessed damages at $65,000. The plaintiff applied to the Superior Court in the judicial district of Ansonia-Milford at Milford for a review of the assessment on the ground that it was inadequate. See General Statutes § 8-132. The matter was referred to *Hon. Raymond J. Devlin,* state referee, who, exercising the powers of the Superior Court, rendered judgment reassessing the damages for the taking at $84,500. From that judgment the defendant has taken this appeal.[1]

The properties in question consisted of two lots with a house on each located on Hillside Avenue in a section of Milford near Long Island Sound. Before the taking, the two houses which occupied the lots were badly damaged by fire. After the taking, and prior to trial, the houses were razed. The several expert appraisers valued the properties, in their condition before the fire, from $65,000 to $98,000.

There was no claim by the defendant that the plaintiff was not entitled to be compensated for her fire damaged houses nor did the plaintiff concede that the damage by fire reduced the total value of her properties. There was thus before the court for determination only the question of the fair value of the plaintiff's properties at the date of the taking.

The plaintiff had two appraisers, William J. Roper and Thomas E. Holloman. Neither appraiser viewed the interior of either house, but Roper was present when the houses were demolished and in a position to observe the construction and improvements of each

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

house and lot. Roper found the damages for the entire taking to be $98,000. Holloman found the damages for the entire taking to be $91,500.

The defendant's appraiser, William McCarthy, in October, 1979, found the damages for the entire taking to be $65,000, and persisted in that opinion, testifying at the trial that the damages for the entire taking was $65,000.

All three appraisers were obviously competent and the court endeavored to determine why McCarthy's appraisal of the value of the properties taken remained at $65,000 while the appraisals of Roper and Holloman were significantly higher. All three appraisers agreed that the value of real estate in the neighborhood of the plaintiff's properties increased measurably between October, 1979, and October 26, 1981, the date of taking. McCarthy nevertheless felt that any increase in value, large or small, would not have benefited the plaintiff's properties and that, in fact, "these properties are worth less [now] than what I put on there [in 1979]." The higher opinions of the value given by the plaintiff's appraisers were largely based on the appreciation in the value of the real estate between 1979 and the date of taking, October 26, 1981.

The court visited the premises after the close of the testimony and was able to assess the damages due the defendant.

The plaintiff was entitled to receive just compensation for the properties taken, and the task of the court was to reach a result which would give the plaintiff, as nearly as possible, a fair equivalent in money. *Winchester* v. *Cox,* 129 Conn. 106, 114, 26 A.2d 592 (1942). No one method of valuation was controlling, and the court was free to select the method most appropriate for the case. *Wronowski* v. *Redevelopment Agency,* 180 Conn. 579, 586–87, 430 A.2d 1284 (1980). The deter-

mination of the value of these properties was a matter for the considered judgment of the court, taking into account the divergent opinions expressed by the witnesses and the claims advanced by the parties. *Benson* v. *North Haven,* 126 Conn. 506, 510, 12 A.2d 551 (1940). Of course, the court was not bound by, nor did it in this case accept, the dollar damage estimate of any one of the appraisers. *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693 (1959). It was its duty to award the plaintiff just compensation for the damages proven to have directly resulted from the taking in the light of the court's view of the premises. That view was all encompassing and the articulated finding is not susceptible to any change which would subvert the conclusion reached and the consequent judgment. *Benson* v. *North Haven,* supra.

There is no error.[2]

---

[2] No attempt will be made to review the rulings on evidence in view of our strong policy that rulings that are claimed as evidentiary errors must be provided and printed in the briefs as required and outlined by Practice Book § 3060F (c) (3). *Gross* v. *Latimer,* 1 Conn. App. 501, 505, 472 A.2d 1303 (1984).