ELISSA OSBORNE *v.* EDWARD R. OSBORNE
(2849)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued June 7—decision released September 25, 1984

*Zbigniew S. Rozbicki,* for the appellant (plaintiff).

*H. James Stedronski,* for the appellee (defendant).

DANNEHY, C.P.J. This is an appeal[1] from a judgment which ordered a conveyance of the parties' marital property under General Statutes § 52-22. The parties were married on April 30, 1971. The plaintiff filed a complaint for the dissolution of her marriage to the defendant on the ground that the marriage had broken down irretrievably. One of the claims for relief specifically sought the conveyance of the defendant's

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

one-half interest in the parties' jointly owned premises. Subsequently, the defendant filed a cross complaint which also alleged that the marriage had broken down irretrievably and specified the same relief as claimed in the complaint, including a claim for the conveyance of the plaintiff's one-half interest in the parties' jointly-owned premises. In August, 1981, the defendant also filed discovery requests. The plaintiff did not object or comply. Upon the failure of the plaintiff to respond to these requests, the defendant moved for a nonsuit on October 8, 1981. On November 16, 1981, the trial court ordered "nonsuit to enter unless [the plaintiff] compli[ed] within one week." The plaintiff received written notice of that order from the clerk of the court. The plaintiff did not comply within one week and, in fact, she did not comply until shortly before trial. No further orders were made or notices mailed to the parties or motions filed until the plaintiff filed a motion to open the nonsuit during the trial, on May 24, 1982. In that motion, the plaintiff endeavored to show that the failure to complete discovery was inadvertent and that prior to trial the defendant was provided the information anyway and was not prejudiced. The plaintiff's motion was denied and the trial referee refused to allow the plaintiff to proceed on her complaint. She was not allowed to introduce evidence to show that her father had contributed money toward the cost of constructing the jointly owned premises or that he claimed a life interest in the realty with the plaintiff's mother. The parties subsequently stipulated that the marriage had broken down irretrievably and submitted an agreement concerning the custody of their minor child and its terms were later incorporated in the decree which was rendered on the cross complaint on June 29, 1982. Neither the decree itself, nor the orders of custody, child support or alimony are involved in this appeal.

In her appeal, the plaintiff argues that the trial referee erred "in ruling that a disciplinary nonsuit was entered, when in fact, a nonsuit or notice of the same to the referee or counsel was not sent, entered or recorded by the clerk." A failure to comply with an order of the court is a ground for a nonsuit. Practice Book § 351; *Stanley* v. *Hartford,* 140 Conn. 643, 648, 103 A.2d 147 (1954). An order of nonsuit terminates an action when it is issued and no further proceedings are necessary. Stephenson, Conn. Civ. Proc. (2d Ed.) § 156. The ministerial failure of the clerk to enter judgment into the records does not affect the validity of a judgment of nonsuit. A judgment of nonsuit is a pro forma action of a clerk and "[t]he clerk of the court is no longer required to mail a copy of the nonsuit to the party against whom it is directed." Stephenson, Conn. Civ. Proc. (Cum. Sup. 1982) § 156. It is of no consequence that the plaintiff did not receive further notice. The original notice was sufficient. The plaintiff was fully aware that a nonsuit was to enter unless she complied with the order.

The issue before this court is whether the trial referee acted properly in denying the motion to vacate the judgment of nonsuit. The question is not whether we would have applied as severe a sanction as did the trial court; rather, it is whether the trial court abused its discretion in selecting the sanction. A nonsuit may be opened only when, within the discretion of the trial court, there is shown a reasonable cause for the failure to comply with the court's order or the lack of compliance is shown to have arisen from mistake or accident. *Jaquith* v. *Revson,* 159 Conn. 427, 431–32, 270 A.2d 559 (1970). Under the circumstances of this case, it is difficult to conclude that the failure of the plaintiff to comply with the discovery request of the defendant was due to anything other than her fault. There were no mitigating facts before the court at the

time it considered the plaintiff's motion to open the judgment of nonsuit, such as, for example, evidence of any real attempt to comply or of an inability to comply for any reasons beyond her control. In view of the totality of the circumstances, the excuse raised in the motion to open the nonsuit was both legally tardy and inadequate. See Practice Book § 377.

Careful attention must be paid to the prompt and orderly handling of discovery. Trial courts should not countenance unnecessary delays in discovery and should unhesitatingly impose sanctions proportionate to the circumstances. *Pavlinko* v. *Yale-New Haven Hospital,* 192 Conn. 138, 144–45, 470 A.2d 246 (1984). The plaintiff's counsel clearly failed to follow the rules of practice. Either we adhere to the rules or we do not adhere to them. There was no abuse of discretion here where the trial referee decided to enforce adherence to the rules of practice. See *Jaquith* v. *Revson,* supra.

The plaintiff also claims error (1) in the exclusion by the trial court of evidence which she claims would have shown her parents' contributions to the equity in the parties' home and (2) in assigning a disproportionate share of the realty to the defendant.[2]

In its judgment on the cross complaint, the court passed title to the plaintiff in the parties' jointly owned premises, subject to a lien in favor of the defendant

---

[2] General Statutes § 46b-81 (a) provides that, at the time of rendering a judgment dissolving a marriage, the Superior Court may assign to either the husband or wife all or any part of the estate of the other. General Statutes § 46b-81 (c) provides in pertinent part as follows: "In fixing the nature and value of the property, if any, to be assigned, the court . . . shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

in the amount of $25,000 without interest until the due date. See General Statutes § 52-22. The plaintiff was not required to pay the $25,000 until one of the following events occurred: the death of the plaintiff or the minor child; the remarriage of the plaintiff; the cohabitation by the plaintiff with an unrelated male person on the premises; the sale of said premises; the minor child's attainment of majority; or the failure of the plaintiff to pay the taxes, interest, principal payment, insurance, municipal liens and judgment liens sixty days after the same are due and payable.

The parties' only real estate was their residence. Both sides submitted their appraisals of the fair market value of the residence, which was occupied by the plaintiff, the minor child and the plaintiff's parents. The plaintiff's financial affidavit indicated that the residence had a present fair market value of $85,000, while the defendant set the value at $110,000. The court made no specific finding of fact regarding the fair market value of the residence. There was a mortgage of approximately $33,900. The court did find that the defendant, who is a competent carpenter, provided his labor and that of approximately twenty of his friends who worked without payment in the construction of the house. The employer of the defendant drew the plans for the house; the defendant hired his employer to erect its shell and roof; the plaintiff paid all the construction expenses from a special checking account which was in her name and her father's name and which was funded, in part, by the earnings from the parties' employment. There was evidence that approximately $10,000 of the cost of construction came from the sale of the parties' first home; and $3000 of the cost of their first home was paid by the plaintiff's parents as a wedding gift to the parties. Originally, title to the premises was held by the plaintiff and her father, and both executed the mortgage deed. The plaintiff's father

transferred his interest to the defendant at a later date without reserving any interest in the estate; and while the house was being constructed, the parties lived rent-free in the home of the defendant's mother. Neither party objected to the introduction of this evidence. In excluding other evidence as to the source of the funds used in the construction of the home, the court remarked that it was only interested in the contribution of the defendant and not in what those other than the parties themselves had contributed.

The plaintiff claims that the trial court improperly excluded evidence showing the extent of her parents' contribution to the equity in the marital home. She contends that in excluding that evidence, the court violated the mandate of General Statutes § 46b-81 (c) which requires that the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates be considered by the court in making an assignment of property. This claim, however, has not been properly preserved because the plaintiff presented nothing for this court to review. See *Varley* v. *Varley,* 189 Conn. 490, 492, 457 A.2d 1065 (1983). The plaintiff failed to observe the requirements of Practice Book § 3060F (c) (3) which requires that an appellant's brief include, inter alia, the question, the objection and its ground, the claimed ground of admissibility, the ruling and the exception. The bare assertion in a brief that the evidence was improperly excluded, coupled with transcript page references, will not suffice. *Enterprise Leasing Corporation* v. *Dixon,* 1 Conn. App. 496, 501, 472 A.2d 1300 (1984). It is our strong policy that rulings claimed as evidentiary errors to be reviewed by this court be provided and printed in the briefs as required and outlined by the Practice Book. *Gross* v. *Latimer,* 1 Conn. App. 501, 505, 472 A.2d 1303 (1984).

Even if the claim had been properly preserved, however, we do not agree that the evidence was improperly excluded. The court was presented with ample information addressing all areas of consideration required by § 46b-81 (c). A ritualistic rendition of each of those elements would serve no useful purpose. *Carpenter* v. *Carpenter,* 188 Conn. 736, 740, 453 A.2d 1151 (1982). In the exercise of its inherent equitable powers, the court may also consider other factors which may be appropriate for a just and equitable resolution of the marital dispute. *Robinson* v. *Robinson,* 187 Conn. 70, 72, 444 A.2d 234 (1982); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585–86, 362 A.2d 835 (1975). The court is not obligated, however, to go beyond the delineated statutory criteria. Section 46b-81 (c) requires the court to consider the "contribution" of the parties; it does not use the words "source of the equity" in real estate. The section does not allow the court to consider the legal claims of other persons in realty owned by the parties to a dissolution action, nor does it provide for the assignment of interests in that realty to others. The plaintiff, in her effort to introduce evidence of the contribution of her parents to the cost of the marital home, variously claimed that their interest in the realty consisted of a lease for less than one year and a life estate. Although evidence relating to gifts to and inheritances of both parties may be relevant evidence in a dissolution action; see *Dubicki* v. *Dubicki,* 186 Conn. 709, 443 A.2d 1268 (1982); *Koizim* v. *Koizim,* 181 Conn. 492, 435 A.2d 1030 (1980); evidence relating to claims in the realty of the parties by those not parties to the action is irrelevant. The court had before it the facts relating to the contribution of the defendant and the contribution of the plaintiff. We will not upset the award on the basis that the court did not consider the contribution of the plaintiff's parents to the marital residence.

The plaintiff's third claim of error is that the trial court erred in determining her interest in the jointly owned premises. Specifically, she argues that the court's award of an interest in the premises to the defendant was excessive and disproportionate. After considering the factors set forth in General Statutes § 46b-81, the court's authority not only to order the conveyance of real property but to pass title to real estate by decree is undoubted. *Pasquariello* v. *Pasquariello,* supra, 587; see General Statutes § 52-22. "The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." *Pasquariello* v. *Pasquariello,* supra, 585. "An equitable award may be found to be error only if it is based on factual findings that are clearly erroneous; *Kaplan* v. *Kaplan,* 186 Conn. 387, 391–92, 441 A.2d 629 (1982); or if it is the result of an abuse of discretion. *Tutalo* v. *Tutalo,* 187 Conn. 249, 251–52, 445 A.2d 598 (1982) . . . ." *LaCroix* v. *LaCroix,* 189 Conn. 685, 689–90, 457 A.2d 1076 (1983). As we have noted, the record indicates that the trial court adequately considered the requisite elements in making its award.

The court would be severely restricted in granting the just and equitable relief which the statutes allow and the plaintiff herself claimed, if the defendant were not allowed to acquire an immediate interest in the property. "One who seeks equity must also do equity and expect that equity will be done for all." *LaCroix* v. *LaCroix,* supra, 689. The defendant here is getting no windfall. He was awarded as his interest in the real estate a lien fixed in the amount of $25,000 to be paid upon the happening of one of six future events. What the plaintiff entirely overlooks is that the defendant will not share in any appreciation of the property and he is potentially being deprived of a substantial financial asset for many years. For example, one of the

occurrences upon which payment of the lien is conditioned is the minor child's attainment of majority. Since the child was born in 1979, that eventuality will not happen for approximately thirteen years. "An assignment of property is not to be examined in a financial vacuum but rather should be considered in relation to all other relevant financial factors." *Krause* v. *Krause,* 189 Conn. 570, 571, 456 A.2d 1204 (1983). In view of those factors, we find no error in the award.

The plaintiff also contends that the court ignored the cause of the dissolution when it made its assignment of property. The trial court must, in dividing family property, take into account many factors, including the court's determination of the cause of the marital breakdown. *Yontef* v. *Yontef,* 185 Conn. 275, 285, 440 A.2d 899 (1981). The memorandum of decision in this case reveals that this was done. Having heard the evidence, the court stated that "[t]he differences between the parties were not serious and were magnified by the plaintiff." It is clear to us that the plaintiff "would in reality have this court vary either the weight placed upon specific statutory criteria or the weight placed upon documentary or testimonial evidence. *Fucci* v. *Fucci,* 179 Conn. 174, 183, 425 A.2d 592 (1979). Such an excursion by this court into the domain of the trier is unacceptable. *Schaffer* v. *Schaffer,* 187 Conn. 224, 227, 445 A.2d 589 (1982). On appellate review, the ultimate issue is whether the court could reasonably conclude as it did. *Koizim* v. *Koizim,* supra, 497." *Carpenter* v. *Carpenter,* 188 Conn. 736, 741–42, 453 A.2d 1151 (1982). "The [trial] court had an opportunity to view the witnesses and weigh the testimony presented. Unless there were no facts upon which the court could base its finding, we as an appellate body cannot retry the case or substitute our judgment for that of the trial

court. *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982)." *Wolk* v. *Wolk,* 191 Conn. 328, 330, 464 A.2d 780 (1983).

We are satisfied from our review of the record that the trial court reasonably and equitably divided the marital assets based upon the requisite considerations.

There is no error.

In this opinion DUPONT, J., concurred.

BORDEN, J., dissenting. The majority declines to review an evidentiary ruling on the ground that it was not properly presented in the plaintiff's brief, and concludes that, even if the ruling had been properly presented, the evidence was not improperly excluded because the court had ample other evidence before it. I disagree that the claim was not properly presented; I believe that the evidence was improperly excluded; and I disagree that the proper standard for this court to employ, where evidence was improperly excluded, is whether there was ample other evidence to support the award.

I

I do not dispute that it is our strong policy to require litigants to comply with the Practice Book in order to obtain appellate review of evidentiary rulings, and that a bare assertion in the brief of impropriety does not suffice. *Gross* v. *Latimer,* 1 Conn. App. 501, 505, 472 A.2d 1303 (1984); *Enterprise Leasing Corporation* v. *Dixon,* 1 Conn. App. 496, 501, 472 A.2d 1300 (1984). The plaintiff here, however, went far beyond such a bare assertion, and complied with our strong policy.[1]

---

[1] The pertinent portion of the plaintiff's brief reads as follows: "The plaintiff inquired of the defendant whether it was true that the plaintiff's parents contributed approximately $50,000 to the building of the house. T1 69. The defendant objected, claiming that the nonsuit of November 16, 1981 excluded the evidence and the referee sustained the objection. T1 69. The

Practice Book § 3060F (c)(3) requires, for review of an evidentiary ruling, that the party seeking review include in his brief "the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling; and any exception." It also provides that "[a] verbatim excerpt from the transcript should not be used if a narrative statement will suffice." Id. All of these requirements are either clearly stated in the plaintiff's brief; see footnote 1, supra; or, like the claimed ground of admissibility, are so self-evident that it would be an undue elevation of form over substance to require more.

Moreover, here the trial referee in his memorandum of decision specifically adverted to the exclusion of the evidence.[2] Thus, the referee more than adequately supplied for us, without any further effort on our part, whatever might be deemed to be missing from the plaintiff's brief. Also, the plaintiff, in her brief, elaborated on the referee's ruling by quoting, with appropriate reference to the transcript, the following: "[T]he referee made it clear in sustaining the many 'non-suit' objections to plaintiff's counsel's questions 'where did the proceeds come from for the construction of the house?' by saying repeatedly, 'I don't care where it

plaintiff's counsel attempted to inquire numerous times of the defendant, the plaintiff and her father where the funds came from, both in the May 24th hearing and during the June 21, 1982 hearing after the defendant had the opportunity to see the cancelled checks, and in each instance the referee ruled that the non-suit precluded the admission of such evidence. In each instance, the plaintiff took exception to the ruling. T2 64. For the same reasons, the plaintiff's counsel's inquiry into the nature of the parents' interest was also excluded and exception taken. (T2 22, 66)."

[2] The memorandum of decision sets forth in pertinent part as follows: "The plaintiff attempted to show that [the defendant's] in-laws had advanced monies and their interest was represented by the life use (oral) of a certain apartment on the premises. This evidence was excluded as (1) the first representation of the plaintiff's attorney was that it was for a lease for less than a year; (2) plaintiff failed to file answers to interrogatories and a nonsuit was entered and (3) the in-laws were not parties to this litigation."

came from, all I care to find out is whether they both owned it today, don't they in survivorship?' "

I conclude, therefore, that the plaintiff fully complied with our rules and policy, and that her evidentiary claim should be reviewed.

## II

Turning to the merits of that claim, I conclude that the referee erred in excluding the evidence of the contribution of the plaintiff's parents to the parties' home. First, as the majority recognizes, General Statutes § 46b-81 (c) requires the court to "consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates." This consideration should be given in the context of the court's broad equitable powers. *Robinson* v. *Robinson*, 187 Conn. 70, 72, 444 A.2d 234 (1982). The plaintiff was age nineteen at the time of the marriage of the parties in 1971. The house in question was built in 1977, when the plaintiff was approximately age twenty-five. It is an undue limitation on both the statutory criterion and the court's equitable powers to exclude evidence that a contribution to the party's jointly owned home came from the plaintiff via her parents. Such evidence certainly is as relevant and worthy of consideration as the evidence, on which the trial referee and the majority of this court rely, that part of the defendant's contribution came from the labor of his friends and employer.

Furthermore, although the trial court, in justifying its evidentiary ruling, adverted to the fact that a nonsuit had been entered, what it did not mention and what the majority here does not mention is that in his motion for a nonsuit the defendant had requested three sanctions for the plaintiff's failure to provide the requested disclosure: (1) a nonsuit; (2) attorney's fees; and (3) that the plaintiff be barred, at the subsequent trial, from

introducing evidence on the material sought in the disclosure motion. That material was the information regarding the contribution of the parents of the plaintiff to the residence of the parties. At the time of the ruling on the motion, the court, *Pickett, J.,* specifically ordered only that "[n]onsuit [is] to enter unless compliance within one week." By the time the case was heard by the trial referee, the requested information had been provided, albeit late. Nonetheless, the trial referee, without any reason indicated on this record or without any prejudice being claimed or shown by the defendant, enlarged the sanction to include one which had specifically been refused by the trial court when the motion was presented to it, namely, the barring of that evidence. Thus, the referee in effect modified the earlier order of the trial court entered on the defendant's motion, even though that motion was not before the referee for consideration. Although the plaintiff was certainly subject to sanction for disregarding the rules on discovery, she was also entitled to understand that, at the most, the sanction already imposed was the one she would have to bear, particularly when she had already provided the disclosure material sought and when the motion for the other sanctions had not been again brought before the court.

Indeed, it was not until she realized that the trial referee was relying on the nonsuit to bar the evidence that the plaintiff moved to open the nonsuit. This, too, was a justified reliance, since at the outset of the trial, when the nonsuit was brought to the referee's attention, he said: "I don't think they have such a thing, let's see what happened here. Let's see what happened. What was the date. . . . I don't think it makes a whole lot of difference, the only thing that matters is who proceeds. All right, you [the defendant] proceed." Thus, the trial referee indicated that the only effect of the

nonsuit was that the defendant would be proceeding on his cross complaint, which simply mirrored the plaintiff's complaint.

Finally, even if the evidence was properly excluded as part of the plaintiff's case, it was clearly admissible on the defendant's cross complaint, in which he claimed a conveyance of the plaintiff's interest in the property. What I observed earlier on the merits of the plaintiff's evidentiary claim is of equal force here. Under General Statutes § 46b-81 (c) the court was required, in passing on the defendant's claim to the property, to "consider the contribution *of each of the parties*" (emphasis added) to the acquisition of the property. It is error for the court to exclude testimony on any of the statutory factors. *Gallo* v. *Gallo,* 184 Conn. 36, 49, 440 A.2d 782 (1981). Thus, the court was required to consider, not only the labor of the defendant's friends and employer, but the money supplied by the parents of his nineteen year old bride.

The appropriate test of a financial award made by a trial court in a dissolution case is whether the award constituted an abuse of discretion. See *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). It appears to me that the majority sustains this award because, based on what evidence the trial referee did consider, it was not an abuse of discretion. I have never understood it to be the law, even the law of limited appellate review of domestic relations cases, that we are permitted to sustain an award, which was arrived at after the improper exclusion of relevant evidence, simply because it was not so unfair as to be an abuse of discretion based on the evidence properly admitted. Indeed, in another but closely related context this court has very recently rejected such an approach. "A decision that accidentally falls within allowable limits of discretion because of a computation error by the court cannot be allowed to stand. To stretch the concept of

limited appellate review in this case in order to find no error because the amount awarded may have been fair, would require this court to usurp the fact finding function of the trial court." *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 424, 479 A.2d 826 (1984). Likewise, a decision that may be within allowable limits of discretion because of an evidentiary error by the court should not be allowed to stand.

I would find error and would remand the case for a rehearing limited to the issue of the disposition of the interests of the parties in the jointly owned real estate.