[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFFS' MOTION FOR JUDGMENT #131A AND DEFENDANT'S MOTION FOR PROTECTIVE ORDERS #125 AND #130
The issue before the court in this motion is whether plaintiffs' motion pursuant to Conn. Practice Book 231 seeking an order entering judgment in their favor or, in the alternative, establishing certain facts for trial, or in the alternative, directing defendant to comply with their second supplemental request for production (filed May 9, 1990) should be granted.
The procedural history of discovery is:
1. On January 9, 1989, plaintiffs filed their first set of interrogatories and requests for production (#109).
2. On March 9, 1989, defendant filed its responses to plaintiffs' first set of interrogatories and requests for production. (#112). CT Page 318
3. On April 17, 1989, plaintiffs filed a motion to compel answers to interrogatories Nos. 11 and 12 of January 9, 1989. (#119).
4. On May 25, 1989, the defendant filed a motion for protective order, seeking denial of the discovery sought by plaintiffs in the motion for an order of compliance. (#125).
5. On June 9, 1989, plaintiffs' motion to compel answers to interrogatories was denied. (#119).
6. On May 10, 1990, plaintiffs filed their second supplemental request for production, requesting information similar to that requested by interrogatories Nos. 11 and 12 of January 9, 1989. (#129).
7. On July 19, 1990, defendant filed a motion for protective order addressing itself to the plaintiffs' second supplemental request for production. (#130).
8. On July 20, 1990, plaintiffs filed a motion for judgment pursuant to Conn. Practice Book 231. (#131). This motion was argued before the court at the September 24, 1990 short calendar.
9. On September 10, 1990, Judge Stengel granted defendant's motion for protective order dated May 25, 1990. (#125).
10. On September 18, 1990, plaintiffs filed a motion for reconsideration of the court's protective order that was granted by Judge Stengel. (#134). On October 1, 1990, Judge Stengel granted plaintiffs' motion for reconsideration, vacating his protective order ruling of September 10, 1990, and referring the motion for protective order to Judge Clark.
On July 25, 1988, the plaintiffs filed a tax appeal pursuant to Conn. Gen. Stats. 12-237, from a determination of tax deficiencies by the defendant Commissioner of Revenue Services.
On May 9, 1990, plaintiffs filed their second supplemental request for production, requesting taxpayer audits between June, 1982 and May, 1988 that resulted in assessments of additional corporation business tax due to the imposition of an alternate method of apportionment under Conn. Gen. Stats. 12-221 (a). On July 19, 1990, defendant filed a motion for a protective order addressing itself to plaintiffs' second supplemental request for production. CT Page 319
On July 20, 1990, plaintiffs filed a motion for judgment pursuant to Conn. Practice Book 231 together with a memorandum of law in support thereof. Plaintiffs move for an order entering judgment in their favor, or an order establishing that "throw-out" and "throw-back" are rules of general applicability under Conn. Gen. Stats. 12-221 (a) as used by the defendant, or an order directing defendant to comply with their second supplemental request for production. Plaintiffs make this motion on the ground that defendant failed to object or respond to plaintiffs' second supplemental request for production within the 30-day time limit required by Conn. Practice Book 228. The defendant filed a memorandum in response to plaintiffs' motion for judgment on August 9, 1990.
"It is important to recognize that Practice Book 231 is akin to federal rule 37. Both rules clearly provide for the imposition of sanctions on a party who, under certain circumstances, fails to act properly under the rules of discovery." John F. Epina Realty, Inc. v. Space Realty, Inc.,194 Conn. 71, 82 (19840. Under Conn. Practice Book 231 (rev'd to 1978, as updated to 1989):
 If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Sec. 230a, or has ailed to comply with the provisions of Sec. 232, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Secs. 222, 226, and 229, the court may, on motion, make such order as the ends of justice require.
"Trial courts should not countenance unnecessary delays in discovery and should unhesitatingly impose sanctions proportionate to the circumstances." Osborne v. Osborne,2 Conn. App. 635, 639 (1984). Such sanctions may include the following:
 (a) The entry of a nonsuit or default against the party failing to comply;
 (b) The award to the discovering part of the costs of the motion, including a reasonable attorney's fee'
CT Page 320
 (c) The entry of an order that the matters regarding which the discovery was sought or other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
 (d) The entry of an order prohibiting the party who has failed to comply from introducing designated matters in evidence;
 (e) If the party failing to comply is the plaintiff, the entry of a judgment of dismissal.
Conn. Practice Book 231.
Imposing sanctions under Conn. Practice Book 231 "rests within the court's sound discretion." Pool v. Bell, 209 Conn. 536,541 (1989). "Factors to be considered in determining an appropriate sanction are: (1) the cause of the deponent's failure to respond to the posed questions, that is, whether it is due to inability rather than the willfulness, bad faith, or fault of the deponent; (2) the degree of prejudice suffered by the opposing party, which in turn may depend on the importance of the information requested to that party's case; and (3) which of the available sanctions would, under the particular circumstances, be an appropriate response to the disobedient party's conduct." Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138, 144 (1984).
Defendant did not file and serve a written response or objection to plaintiffs' May 9, 1990 request for production within thirty days as required by Conn. Practice Book 228. Defendant did object and respond by filing a motion for a protective order addressed to that request for production approximately seventy days after its filing. It is within the court's discretion as to what sanctions to impose upon the defendant for failure to timely comply with plaintiffs' request for production.
Whether the defendant is entitled to use the "throw-out" rule and a "throw-back" rule in computing the plaintiffs' tax obligations is an essential issue in this case. See discussion of these rules in Control Module v. Groppo,41 Conn. Sup. 271 (Satter, J.) (1989). The question of whether the "throw-out" and "throw-back" rules are rules of general applicability is a fact which must be determined by trial. The defendant failed to either object to the plaintiffs' interrogatories or to object to them as it could under the rules. The defendant can certainly supply the information the plaintiffs seek more readily than the CT Page 321 plaintiffs can otherwise obtain the information.
Unless the defendant answers the plaintiffs' interrogatories within five months from the date of this order, an order will enter that the "throw-out" and "throw-back" rules are rules of general applicability under Conn. Gen. Stats. 12-221 (a).
In addition, defendant's Motions #125 and #130 for protective orders are denied.
CLARK, J.