[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves a dispute between the plaintiff, Doyle Agency, Inc. (Doyle Agency), an insurance agency, and its former employee, the defendant, Joseph J. Kent, concerning certain alleged conduct on the part of the defendant.[1] In addition to several special defenses, the defendants filed a counterclaim alleging that the plaintiff owes defendant Joseph J. Kent money as a result of his employment with the Doyle. Agency.
The defendants have now filed several motions claiming that the plaintiff was nonsuited on December 9, 1988. One request is that the file be corrected to reflect this nonsuit; another is to execute a judgment file to that effect; and the third is a motion in limine aimed at preventing the plaintiff from introducing any evidence in furtherance of its complaint.
The file indicates that on December 5, 1988, this court, Mihalakos, J., heard a motion by the defendants seeking an order of compliance in connection with their request for production. Judge Mihalakos stated the following, according to the transcript: "I am going to go ahead and order complaince (sic) within five days. I am going to automatically enter a default, a nonsuit, if you don't — if she does not have the requested material within five days nonsuit would automatically enter." An response to a question, the judge said he meant that compliance CT Page 1282 with the request for production had to be filed "by five o'clock Friday . . . that is the 9th all right, five o'clock the 9th, otherwise nonsuit will enter." An Attorney S. R. Bellis represented the plaintiff at this hearing and, in response to a question by Judge Mihalakos asking whether he understood the order, plaintiff's counsel indicated: "I do understand that, your Honor."
It is clear from the file that the plaintiff did not respond to the request for production by five p.m. on Friday, December 9, 1988, as ordered. It is the defendants' position that a judgment of nonsuit entered against the plaintiff as of that date, and hence it is precluded from pursuing the complaint against the Kents.
The defendants also argue that the plaintiff did not file a motion to reopen or set abide the nonsuit within four months of December 9, 1988, and therefore that this court is without authority or jurisdiction to vacate the judgment. General Statutes 52-212a; Practice Book 326; Van Mecklenburg v. Pan American World Airways, Inc., 190 Conn. 132, 134-35, 459 A.2d 518
(1983).
There are three anomalies in the file that require discussion. The first is that the plaintiff did in fact file a motion on April 6, 1989, to reopen a judgment entered on December 9, 1988, but this was not the same judgment entered by Judge Mihalakos. Instead, the plaintiff's April 6, 1989, motion refers to a judgment of dismissal entered "pursuant to Practice Book 251," the dormancy section. The clerk's office computer print-out indicates that the case was dismissed "under PB-251" on December 9, 1988, because the pleadings had not been closed as of that date, and that the case was reopened on April 23, 1990, again with a notation that the dismissal had been "under PB251." There is no indication that any motion to reopen was ever filed in connection with the other judgment of December 9, 1988, the one entered by Judge Mihalakos.
The second issue is that the clerk's office did not make any formal notation that the nonsuit had actually entered on December 9, 1988, except the legend on the inside cover of the file noting "Judgment Dismissing Action 12/09/88," without reference to which judgment of that date.
However, Segretario v. Stewart-Warner Corporation, 9 Conn. App. 355,360, 519 A.2d 76 (1986), makes clear that no formal action on the part of the clerk is required to effectuate a judgment of nonsuit. ("A judgment of nonsuit is in fact rendered when the trial judge orders a nonsuit entered orally in open court . . ."). The propriety of a court order that a nonsuit will CT Page 1283 enter in the future unless compliance with discovery orders occurs was addressed in Osborne v. Osborne, 2 Conn. App. 635,638, 482 A.2d 77 (1984)("The original notice was sufficient. The plaintiff was fully aware that a nonsuit was to enter unless she complied with the order".)
The third point is that the defendants continued to file various court papers well after the judgment of nonsuit had entered in December, 1988, including a jury claim 3 in June, 1989. It appears that it was not until March 1990, that the defendants realized that a nonsuit had been entered and never reopened. I believe the only explanation is that there was some confusion over the fact that a judgment of dismissal entered on the same date, December 9, 1988, albeit for dormancy, had been reopened in April, 1990.
Despite these three aspects of the file, the fact remains that a judgment of nonsuit entered on December 9, 1988, and no motion to reopen or vacate that judgment was filed within four months of that date. Thus, this court is without jurisdiction over the plaintiff's complaint, and the motion of the defendants to enter judgment in their favor with respect to the complaint is granted.
So Ordered.
Dated at Bridgeport, Connecticut, this 18th day of February, 1992
WILLIAM B. LEWIS, JUDGE