[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A judgment of nonsuit was entered in this matter on August 20, 1990 (#111), and the plaintiff's motion to reopen, vacate or set aside this judgment (#113) was not filed until March 18, 1992, well beyond the four months prescribed by General Statutes52-212 (a) and Practice Book 326. See Van Mecklenburg v. Pan American World Airways, Inc., 190 Conn. 132, 134-35, 459 A.2d 518
(1983). The defendant argues that the court is accordingly without authority or jurisdiction to vacate the judgment.
The defendant also points out the motion to reopen refers only to plaintiff's compliance with disclosure/production on October 9, 1990, but does not set forth any claim that she was prevented for "reasonable cause" from compliance by July 30, 1990, as ordered by the court on July 9, 1990. See Osborne v. Osborne, 2 Conn. App. 635, 638, 482 A.2d 77 (1984), relative to the propriety of a court order that a nonsuit will enter in the future unless compliance with discovery orders occurs in a timely fashion.
Moreover, plaintiff's motion was not verified by oath as required by General Statutes 52-212(b).
In any event, this court is without jurisdiction over the plaintiff's action because of the four months rule, and therefore defendant's objection to the motion to reopen judgment is sustained.
So Ordered. CT Page 6443
Dated at Bridgeport, Connecticut, this 6th day of July, 1992.
William B. Lewis, Judge