[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 42 year old plaintiff wife and the 44 year old defendant husband intermarried on August 12, 1977 at Beacon Falls, Connecticut. The plaintiff had resided continuously in Connecticut for over 12 months prior to commencing this action for dissolution of said marriage, thereby conferring jurisdiction on this court. Two children were born during the marriage, issue of the marriage: Jennifer Lynn, born March 23, 1978, and Thomas Jason, born October 18, 1981, and no other child was born to the plaintiff during the marriage. The court finds that the marriage has broken down irretrievably and judgment is entered dissolving the marriage on said ground.
The parties have agreed to joint legal custody with physical custody awarded to the defendant and reasonable visitation rights awarded to the plaintiff. (c.f. 46b-56a Connecticut General Statutes). The court accepts the parties' agreement and it is so ordered as part of the judgment.
CT Page 8538 The parties purchased their first house six years after they married. They sold the house and purchased their present house located at 53 Carolyn Circle Naugatuck. The present fair market value is found to be $120,000. It is encumbered by a first mortgage of $51,000 and a second mortgage of $18,000.
The plaintiff worked during the marriage except for periods of time caused by her pregnancies. The defendant worked throughout the marriage and has a vested retirement program with Cooper Industries consisting of:
 Retirement Account $11,347.94 100% vested
 Cooper Savings 10,849.27 Company Contribution Account
 Defendant's Before 30,686.21 Tax Account
Savings Total $41,535.48
 Savings Total Total Value as of 3/31/92 $52,883.42
(Plaintiff's Exhibit A.) He has taken a loan against the account with a present balance of $5,700.
The defendant owns a 1986 Ford truck which he values at $4,000. It is free of lien. The plaintiff owns a 1992 Nissan Sentra which she values at $12,000 and the vehicle is liened for $10,560. The plaintiff has no retirement plan, IRA or any savings.
The plaintiff's net disposable earnings are $341 weekly. The defendant's net disposable earnings are $358 weekly after his retirement loan payback of $40 is deducted. The plaintiff has medical coverage for herself through her employer. The defendant has medical insurance for himself and the children through his employer.
The marriage was uneventful for 14 years. In July, 1991, the plaintiff advised the defendant that she was thinking about seeking a divorce. The defendant testified that he first noticed a change in plaintiff in March, 1991. The plaintiff was working later into the evening. By the end of July the parties were occupying separate rooms at their home.
The plaintiff had stayed away from the home from the evening CT Page 8539 of July 26, 1991 through July 29, 1992. After her return, the defendant found a bill issued to the plaintiff by New Haven Long Wharf Howard Johnson Lodge for three nights' room rental for the same three days, (Defendant's Exhibit #2). The defendant employed a licensed P.I. to conduct surveillance of plaintiff on August 15, 1991 and the following day. The plaintiff and her manager from work were observed "necking". After a twilight ball game that she attended as scorekeeper and he as player, (defendant's exhibits #3, #4, #5 photos, and #6 report). The manager, David Palumbo, admitted to having a romantic interest in the plaintiff but that it developed months after the plaintiff began this suit. The defendant has proven that the plaintiff's affection was transferred to another man during the summer of 1991. The marriage broke down in 1991 for this reason. The causes for the dissolution is only one of the many elements the court must consider in assigning the parties' assets, 46b-81(c) Connecticut General Statutes. The assignment of property is not made as a reward for virtue or as punishment for wrongdoing, Robinson v. Robinson, 187 Conn. 70, 72.
Before the breakdown the parties managed to create two major assets, the Cooper Retirement Program and the equity in the marital home.
The parties are in good health, have similar levels of formal education, have earning capacities that are not grossly disproportionate and for 14 years lived together in apparent harmony.
The following orders are entered as part of the judgment.
1. The court orders no periodic alimony.
2. The plaintiff is ordered to pay to the defendant as child support the sum of $153.00 weekly as child support for the two children, as determined from the Child Support guidelines. A wage withholding is ordered pursuant to statute. An advisement of rights and waiver of immediate withholding is on file dated May 4, Retirement program as of March 31, 1991 valuation, minus $5,700. The plaintiff's counsel and the defendant's counsel shall cooperate in preparing all necessary documents and the court retains jurisdiction to effect this order which is a "Qualified Domestic Relations Order."
8. The defendant shall maintain $40,000 life insurance on his life for the children as equal primary beneficiaries until majority is attained by both.
9. The $1,623 in tax refunds shall be applied to the reduction of the People's Visa joint account. The balance remaining shall be paid by each party equally. CT Page 8540
10. The plaintiff shall be solely responsible for the remaining bills listed on her financial affidavit.
11. The defendant shall be solely responsible for the remaining bills listed on his financial affidavit.
The attorney for the plaintiff shall prepare the judgment file.
HARRIGAN, J.